THE STATE OF KANSAS v. ANDREW H. HORNEMAN.

1. CRIMINAL LAW; *Appeals, When to be Taken.* A defendant in a criminal case cannot bring to this court on appeal the ruling of the district court sustaining a demurrer on the part of the state to a plea of *autrefois acquit*, until after the trial and judgment on the merits.

2. ———. *Autrefois Acquit; One Act—Distinct Offenses.* To an indictment charging a shooting with intent to kill, defendant plead, that he had once been tried and acquitted under a charge of maliciously shooting and wounding a horse, and that the shooting charged in the two prosecutions was one and the same shooting: *Held,* That a demurrer to this plea was properly sustained.

*Appeal from Cowley District Court.*

INDICTMENT, charging that *Horneman*, at the county of Cowley, on the 13th of September 1875, with malice aforethought, unlawfully and feloniously assaulted one Enoch Willett, and with a certain loaded pistol or revolver shot

him the said Willett with intent then and there him the said
Willett to kill and murder. This indictment was found at
the September Term 1875 of the district court. The defend-
ant was arrested, and when arraigned for plea, he pleaded
that he had already been arraigned and pleaded not guilty
to the following complaint:

(*Title, and Venue.*) "George Hafer being first duly sworn
says, that one Andrew H. Horneman, at the county of Cow-
ley, on the 13th of September 1875, with a pistol or revolver
loaded with powder and ball, willfully and maliciously did
shoot and wound a horse, the property of one John W. Mead-
ows, and hired by the said Meadows to this affiant"—(de-
scribing the horse, and stating its value.)

The record showing a trial of defendant upon said com-
plaint, and his acquittal of the charge therein made against
him, was made a part of his plea to the indictment; and
*Horneman* alleged, "that the shooting stated and charged in
said complaint, and of which he was duly acquitted, and the
shooting of which he is now indicted, are one and the same
shooting, and not other and different shootings." To this
plea the county-attorney demurred. The court sustained the
demurrer; and from such decision and judgment *Horneman*
appeals to this court.

*Hackney & McDonald*, and *Pryor & Kager*, for appellant.

*A. J. Pyburn*, county-attorney, for The State.

The opinion of the court was delivered by

BREWER, J.: Appellant was indicted for the crime of
shooting with intent to kill. To this indictment he pleaded
*autrefois acquit*. A demurrer to this plea was sustained; and
without waiting until after a trial on the merits, defendant
has appealed to this court from the ruling sustaining the de-
murrer. Doubtless the appeal is premature, and the case not
properly before us. No judgment has yet been rendered, and
appeals in criminal cases are only from judgments. (Gen.
Stat., p. 865, § 281; *The State v. Freeland*, ante, p. 9.)

But waiving this, we think the ruling of the district court

was correct. The plea disclosed a prosecution against appellant for maliciously shooting and wounding a horse, not the property nor in the possession of the party upon whom the assault with intent to kill is charged to have been made, and alleged that the shooting charged in the two prosecutions was one and the same shooting. Does this disclose an acquittal of the offense of which he is now charged? We think not. The two offenses are entirely distinct. One is not included in the other—is not a lesser degree of the other. The character of the testimony must be different in each. One fact, that is, "shooting," may be necessary for conviction under either charge. But something more is necessary in each, than the mere fact of shooting. The rule is thus stated by Wharton in his Criminal Law, (1 Wharton, 7th ed., § 565:) "It may be generally said, that the fact that the two offenses form part of the same transaction, is no defense, when the defendant could not have been convicted at the first trial, on the indictment then pending, of the offense charged in the second indictment." And again: "Where the evidence necessary to support the second indictment would have been sufficient to procure a legal conviction upon the first, the plea is generally good, but not otherwise." It was said by Lord Denman, in *Regina v. Button*, 11 Ad. & Ellis, New Series, 946, "The same act may be part of several offenses. The same blow may be the subject of inquiry in consecutive charges of murder and robbery. The acquittal on the first charge is no bar to a second inquiry, where both are charges of felonies; neither ought it to be, when the one charge is of felony, and the other of misdemeanor." In 1 Russell on Crimes it is laid down, that "The acquittal on one indictment, in order to be a good defense to a subsequent indictment, must be an acquittal of the same identical offense charged in the first indictment." In the case of the *Commonwealth v. Harrison*, 11 Gray, 308, a party who had been tried for selling liquors without license was convicted of the offense of keeping his saloon open on Sunday, although the sale of the liquor was part of the evidence to sustain the latter charge. In *Commonwealth v. Bake-*

*man*, 105 Mass. 53, the defendant had been acquitted under a charge of willfully obstructing the engines and carriages of the C. Rld. Co., by placing an iron rail across the track, and was subsequently convicted upon a charge, under a different section of the statute, of willfully putting a rail across the track with intent to obstruct the engines and carriages of the same company, and the conviction was sustained, although the same act was referred to in the two charges. The court uses this language: "It may well be that both indictments refer to the same transaction; but that fact is not decisive as to the legal identity of the two offenses. The test as to the legal identity of the two offenses is to be found in the answer to this question: Could the prisoner, upon any evidence that might have been produced, have been convicted upon the first indictment of the offense that is charged in the second?" See also, *Commonwealth v. Roby*, 12 Pick. 496, in which it was held, that a conviction of an assault with intent to murder could not be pleaded in bar to an indictment for murder. In *Price v. The State*, 19 Ohio, 423, the rule is stated as taken from Archbold's Cr. Pleading, and also from Roscoe's Cr. Ev., that "the true test, by which the question, whether such a plea is a sufficient bar in any case, may be tried, is, whether the evidence necessary to support the second indictment would have been sufficient to prove a legal conviction in the first." These authorities are decisive of the question, and the ruling of the district court was correct.

The appeal will be dismissed.

All the Justices concurring.