# 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉.

## ARRINGTON V. COMMONWEALTH.

### November 20th, 1890.

1. SALE OF LIQUORS—*Indictment—Place—Time—Sample.*—Indictment under
   Acts 1889-'90, p. 242, sec. 1, for selling liquor without license, must
   definitely state the place where sold, but the exact time of the sale
   need not be stated, nor need it be stated that the sale was " by sample,
   representation, or otherwise."
2. FORMER JEOPARDY.—Prosecution for selling liquor on Sunday contrary
   to Code, sec. 3804, is no bar to prosecution for selling same liquor
   without license contrary to Acts 1889-'90, p. 242, sec. 1.

Error to judgment of corporation court of the city of Alex-
andria, rendered September 18th, 1890, on an indictment
against the plaintiff in error, Mary Arrington, for selling
liquor without a license.   Opinion states the case.

*J. M. Johnson,* for the plaintiff in error.

*Attorney-General R. Taylor Scott,* for the Commonwealth.

LEWIS, P., delivered the opinion of the court.

The plaintiff in error was indicted in the corporation court
of the city of Alexandria for that, "on a certain day, between
the 13th day of September, 1889, and the 12th day of Sep-
tember, 1890, in the said city, she did unlawfully sell wine,
ardent spirits, and malt liquors, without having first obtained

a license therefor required by law." The indictment was drawn under the statute which provides that no person shall, within the limits of this State, sell or offer to sell, by sample, or representation, or otherwise, wine, ardent spirits, malt liquor, or any mixture thereof, either by wholesale, retail, or to be drunk at the place where sold, or in any other way, without first having obtained a license therefor. Acts 1889–'90, p. 242, sec. 1.

The defendant demurred to the indictment, but the demurrer was overruled. She thereupon pleaded not guilty, and also filed a special plea of former conviction, to which the Commonwealth replied generally. And the case having been submitted to a jury, she was found guilty, and afterwards sentenced, in accordance with the verdict, to pay a fine of one hundred dollars.

1. The first point made is that the demurrer to the indictment ought to have been sustained; and this position is well taken. The indictment is bad, *first*, because it does not state any definite place in the city at which the alleged sale was made; and, *secondly*, because it does not say in what way the sale was made—whether by wholesale or retail, or whether the liquor was sold to be drunk at the place where sold or otherwise. *Head's case*, 11 Gratt., 819; *Boyle's case*, 14 Id., 674; *Young's case*, 15 Id., 664.

It was held in *Head's case*, that in an indictment for selling liquor by retail the defendant should be apprised of the place alleged, so that he may be prepared with proof, if any he have, to show that the place of sale and that of drinking are not the same. He may be licensed, said the court, to sell at one place within the county, and relying on his license, and his consciousness of having sold at no other place, would go confidently to trial, yet upon the trial, under the general charge of selling in the county, proof may be offered to show a sale at any place within the county. This proof he could not anticipate, yet if he had known it, he might have prepared himself to

repel it by testimony. And the same rule applies to an indictment for selling liquor by wholesale or otherwise, inasmuch as by section 549 of the Code it is provided that a license to sell liquor, unless otherwise expressly authorized, shall designate a specified house or other definite place at which the business is to be carried on. And in *Boyle's case,* it was held that the indictment must state the mode in which the sale was made, as inference can never supply a total want of averment in regard to an essential part of an offence.

This is merely stating in different form the elementary principle of criminal pleading laid down in *Head's case,* namely, that an indictment must always allege the offence with such fullness and precision, that the defendant may know for what he is prosecuted, and thereby be enabled to prepare his defence; and further, that the conviction or acquittal may be pleaded in bar of any future prosecution for the same offence; a rule not affected by the statute, now brought into section 4011 of the Code, which provides that "no exception shall be allowed for any defect or want of form in any presentment, indictment, or information" for an offence against the revenue laws, but that "the court shall give judgment thereon according to the very right of the case." *Young's case, supra.*

The indictment in the present case is not in conformity with this rule. It does not state with the requisite precision the place at which the alleged sale was made, nor does it set out the offence with such certainty as to enable the defendant to intelligently prepare her defence. It is simply charged, in general terms, a sale without a license in the city of Alexandria, thus omitting to state an essential ingredient of any offence described in the statute. To constitute the offence of selling liquor without a license, under the section of the statute upon which the indictment is drawn, the sale must be either by wholesale or retail, or to be drunk where sold, for although the statute adds the words "or in any other way," there is, in reality, no other way known to the law in which a

licensed sale of liquor can be made; and the rule is a funda-
mental one in criminal procedure, that an indictment upon
a statute must state all the circumstances which constitute the
definition of the offence in the act.   It is generally sufficient
to charge the offence in the language of the act, though not
always, as where generic terms are used in the statute, in
which case the indictment must state the species—it must de-
scend to particulars.   1 Arch. Crim. Pr. and Pl., 291; *Boyd's
case*, 77 Va., 52; *United States* v. *Hess*, 124 U. S., 483.

As to the general allegation of time in the indictment, to
which objection is made, we are of opinion that that is suffi-
cient.   Time is not of the essence of the offence, and the sta-
tute is express that "no indictment or other accusation shall
be quashed or deemed invalid for omitting   *   *   *   to state,
or stating imperfectly, the time at which the offence was com-
mitted, when time is not the essence of the offence." Code,
sec. 3999; *Savage's case*, 84 Va., 619.

It is also objected that the indictment is defective, because
it does not state whether the alleged sale was made by sample,
representation, or otherwise.   But this, not being an essential
ingredient of the offence, need not have been stated.

2. The next assignment of error relates to the ruling of the
court in excluding the record of a former prosecution in the
same court against the defendant for selling liquor on Sun-
day, which the defendant offered in evidence in support of the
plea of *autrefois convict.*

Whether this ruling was correct or not depends upon whether
the offence charged in the former and present prosecution is
the same; for as the defence of former conviction or acquittal
rests upon the principle that no man shall be twice put in
jeopardy for the same offence, the plea, as Blackstone says,
must be upon a prosecution for the same identical act and
crime.   4 Bl. Comm., 336.   And in determining this question
of identity, the test is "not whether the defendant has already
been tried for the same act, but whether he has been put in

jeopardy for the same offence. A single àct may be an offence against two statutes, and if each statute requires proof of an additional fact which the other does not, an acquittal or conviction under either statute does not exempt the defendant from prosecution and punishment under the other. *Morey* v. *Commonwealth*, 108 Mass., 433; *State* v. *Stewart*, 11 Oregon, 52; *State* v. *Sonnerkalb*, 2 Nott and McC., 280; *State* v. *Taylor*, 2 Bailey (S. C.,) 49; *State* v. *Horneman*, 16 Kan., 452; *State* v. *Coombs*, 32 Me., 529; *Ruble* v. *State*, 51 Ark., 170; S. C., 10 S. W. Rep., 262; *People* v. *Carty*, 19 Pac. Rep., 490; Whart. Crim. Pl. and Pr. (9th ed.), sec., 471; 1 Chit. Crim. Law, 453.

According to some of the authorities, the test is, whether the evidence required to support a conviction in one case would be sufficient in the other. Or, as Bishop expressed it, the offences are not the same when each indictment sets out an offence differing in all its elements from that in the other, though both relate to one transaction,—a proposition, he adds, the exact limits of which are difficult to define. 1 Bish. Crim. Law (7th ed. sec.), 1051.

Applying this test to the present case, it is clear that the former and present prosecutions are not for the same offence, but that each indictment sets out a separate and distinct offence. The two indictments are under different statutes; the penalties prescribed are different; and the evidence required to support a conviction in either case is not the same. The first was under section 3804 of the Code, for selling intoxicating liquors on Sunday; and, in that case, all that was incumbent on the Commonwealth to show was a sale on that day. In the present case, the indictment is under the statute first above mentioned, and sets out an offence, an essential element of which is a sale of liquor without a license; the object of one statute being the protection of the morals, peace, and good order of the community by prescribing a penalty for selling liquor on the Sabbath day; the object of the other being the

enforcement of the revenue laws by making it a misdemeanor to sell liquor without a license.

In the recent case of *Ruble* v. *State*, 51 Ark., 170, the defendant, who was indicted for selling liquor to a minor, without the consent of his parents or guardian, pleaded a former conviction for selling the same liquor without a license. But the plea was overruled, on the ground that the single act of selling constituted two offences, one under the statute prohibiting the sale of liquor without a license, the other under another statute making it an offence to sell liquor to a minor without the consent of his parents or guardian. "Under the first statute," said the court, "the defendant was guilty if he had no license, although he sold to a minor with the consent of his parents or guardian; and under the other, he was guilty if he sold to a minor without the consent of his parents or guardian, although he had or had not a license. The acts necessary to constitute the offences are so wholly unconnected and distinct as not to be comprehended, the one within the other. The essential and constituent elements of the same are different. A party may be guilty of one and innocent of the other, or guilty of both; and the acquittal of one is not an acquittal of the other. They are separate and distinct offences."

In *Morey* v. *Commonwealth, supra,* it was held that a conviction upon an indictment for lewd and lascivious cohabitation is no bar to the conviction and sentence of the same defendant upon an indictment for adultery, although proof of the same acts of unlawful intercourse is introduced on both trials; the principle of the decision, as stated in the syllabus, being that, although proof of one particular fact is necessary to a conviction under either of two statutes, yet, if each statute requires proof of an additional fact, which the other does not, an acquittal or conviction under either is no bar to prosecution and punishment under the other. And upon the same principle it was decided by the same court, in *Commonwealth* v. *Harrison,* 11 Gray, 308, that a conviction for selling liquor

without a license is no bar to a prosecution against the same defendant for keeping open a shop on the Lord's day, although the same acts of sale are relied on in proof of each case.

These authorities, which are only a few of many that might be cited to the same effect, sufficiently illustrate the principle upon which, in our opinion, the record in question was rightly excluded by the court below. But, for the reasons stated in connection with the first assignment of error, the judgment must be reversed, and the defendant discharged from further prosecution under the said indictment.

JUDGMENT REVERSED.