THE STATE OF KANSAS V. J. N. BARBER.

No. 340.

1. INTOXICATING LIQUORS—*Illegal Sales —Nuisance—Evidence.*
Under the statutes in this state an illegal sale of intoxicating liq-
uor constitutes an entirely different offense from that of keeping
a place where intoxicating liquors are sold in violation of law.
The latter offense is declared by our statutes to be a nuisance,
and an acquittal under a charge of making an illegal sale is no
bar to a prosecution for keeping and maintaining a place where
illegal sales are made; and evidence of any sales made in the place
alleged to be kept where intoxicating liquors are sold in violation
of law is competent proof in support of the charge of maintaining
such nuisance, even though such sales may have been made
prior to the date of such former acquittal, and evidence thereof
offered at the trial which resulted in such acquittal.

2. JURY—*Credibility of Witness.* It is the exclusive province of
the jury to weigh the evidence submitted upon the trial, and to
determine as to the credibility of the witnesses; and where the
verdict was approved by the trial court, the judgment rendered
thereon cannot be disturbed by this court merely on the grounds
that the complaining witness, upon whose testimony the jury
necessarily returned their verdict, admitted at the trial, upon
cross-examination, that he was pecuniarily interested in the result
of the prosecution of the case.

MEMORANDUM.—Appeal from Morris district court;
JAMES HUMPHREY, judge. J. N. Barber was con-
victed of violating the prohibitory liquor law. He
appeals. Affirmed. The opinion herein, filed Janu-
ary 9, 1896, states the facts.

*John Maloy,* and *Graves, Lambert & Dickson,* for ap-
pellant.

*Geo. P. Morehouse,* county attorney, and *M. B. Nich-
olson,* for The State.

The opinion of the court was delivered by

CLARK, J.: The defendant was prosecuted in the
district court of Morris county for violation of the

prohibitory liquor law of this state.    The information was filed October 20, 1894.    In the first count, the defendant was charged with keeping and maintaining a nuisance, viz., a place where intoxicating liquors were sold in violation of the statutes of this state ; while in the second and third counts he was charged with the illegal sale of intoxicating liquors.    After the state had introduced its evidence and rested, the county attorney announced that the state would rely for a conviction under the second count upon a sale of two bottles of beer by the defendant in September, 1894, to one Mads Sorenson, as testified to by the latter, of beer and brandy ; that it would rely for a conviction under the third count upon a sale of two bottles of beer to one George Leeson, in the month of September, 1894, as testified to by the said witness, Mads Sorenson ; and that the state would rely for a conviction under the first count upon all the testimony introduced. The trial resulted in a verdict of guilty under the first and second counts, and not guilty under the third count.    A motion for a new trial, setting up the statutory grounds, was duly filed, and overruled by the court, to which an exception was saved ; and the defendant was adjudged to pay a fine of $100 and sentenced to be imprisoned in the county jail for a period of 30 days under each of the counts upon which he had been found guilty.

The defendant alleges that the court erred in its admission and rejection of certain evidence upon the trial, and in its instructions to the jury.    The verdict of guilty of the charge of keeping a nuisance as set out in the information was, we think, fully warranted by the evidence.    The defendant produced, as a witness in his behalf, one Hugh Stewart, a justice of the peace of the city of Council Grove, and sought to in-

troduce in evidence a complaint filed with said justice of the peace in which the defendant herein was charged with selling intoxicating liquor in violation of law. The plaintiff objected to the introduction of this evidence as being incompetent, irrelevant, and immaterial to any issue in the case ; and, upon examination of the complaint, the court finding that the defendant was therein charged with having made illegal sales prior to the dates mentioned in the information, and prior to the dates of the alleged sales upon weich the state had elected to rely for a conviction in this case under the second and third counts, sustained the objection, to which the defendant duly excepted. The defendant then made the following offer :

"The defendant offers in evidence the complaint and the docket entries in the trial of the defendant, J. N. Barber, before Hugh Stewart, a justice of the peace of the city of Council Grove, Morris county, state of Kansas, charged in a complaint with two counts with a violation of the prohibitory law, which trial was had before.said Stewart, justice of the peace, before a jury on the 13th day of July, 1894, and said jury rendered a verdict in favor of said defendant, J. N. Barber, finding him not guilty as charged in the complaint."

The state objected to the introduction of this evidence as being incompetent, irrelevant, and immaterial, which objection was sustained, and an exception thereto saved. We see no error in these rulings of the court. The trial before the justice of the peace was had on the 13th day of July, 1894, more than two months prior to the date of the particular sales upon which the state announced that it would rely for a conviction under the counts charging the defendant with illegal sales. Hence, the introduction of this evidence would not have been competent, relevant or material in this case when applied to the

charge of selling intoxicating liquor in violation of law. There was no attempt to show that any of the evidence introduced upon the trial before the justice of the peace had any reference whatever to any of the transactions to which the witnesses testified in this case. Hence, the evidence offered would not be competent, relevant or material when applied to the charge of maintaining a nuisance by keeping a place where intoxicating liquors were sold in violation of law. An illegal sale of intoxicating liquors constitutes an entirely different offense from that of keeping a place where intoxicating liquors are sold in violation of law, and an acquittal or conviction under a charge of making an illegal sale is no bar to a prosecution for keeping and maintaining a place where illegal sales are made. The test is not whether the defendant has already been tried for the same act, but whether he has been put in jeopardy for the same offense. In *Commonwealth v. Bubser*, 14 Gray, 83, the defendant, charged with being a common seller of intoxicating liquors, pleaded a former acquittal upon an indictment for a nuisance in keeping a tenement house for the sale of intoxicating liquors. Mr. Justice Hoar, in announcing the opinion of the court, said :

" The gist of one offense is the keeping a tenement house for an illegal purpose, which makes it a nuisance ; of the other, the doing of certain acts which constitute an offense, to the commission of which it is not necessary that the defendant should have been the keeper of any building or tenement whatever. On the trial of the first indictment, the jury would have been properly instructed to acquit the defendant if he did not keep the tenement described, however great a number of sales of intoxicating liquors he might have made within it."

Under the statutes of Georgia, a person was indicted for selling intoxicating liquors without a license. He pleaded a former conviction. It was shown that in the former case he had been convicted of selling liquor to a minor without the written consent of his parents or guardian, and the court held that, while the act of selling was identical in both cases, yet the offenses were separate and distinct. Two different laws were violated : one, in selling to a minor without the written consent of his parents or guardian ; the other, in selling without a license from the proper authority. Bleckley, chief justice, in concurring specially in the opinion of the court, said :

" I have very grave doubt upon principle whether a single act, although it may have violated two statutes or two sections of the penal code, will constitute two offenses. . . . I have examined the authorities to my satisfaction, and they seem to justify this sort of proceeding." (*Blair v. The State*, 7 S. E. Rep. 855.)

In *Ruble v. The State*, 51 Ark. 126, 170, the appellant sold one pint of ardent spirits to a minor without the consent of his parents or guardian. For doing so, he was indicted for and convicted of selling liquor without a license. He was subsequently indicted for selling intoxicating liquor to a minor without the written consent of his parents or guardian. To the second indictment he pleaded such former conviction and not guilty, but the court sustained a conviction under the second indictment, holding that the defendant had been convicted of two separate and distinct offenses. In *Commonwealth v. Sullivan*, 150 Mass. 315, the court said :

" Selling intoxicating liquors may be evidence of the offense of maintaining a tenement used for the illegal keeping and sale of such liquor, but it is not the

same offense, and a party may be guilty of the former without being guilty of the latter. Therefore, an acquittal of the latter is not a bar to a prosecution for the former, even if it appears that the sale now relied on was given in evidence in the prosecution for maintaining the tenement."

In *Commonwealth v. Bakeman*, 105 Mass. 53, the following rule is laid down :

"The test as to the legal identity of the two offenses is to be found in the answer to this question : Could the prisoner, upon any evidence that might have been produced, have been convicted upon the first indictment of the offense that is charged in the second?"

In *The State v. Horneman*, 16 Kan. 452, Brewer, J., cites with approval the following from Wharton on Criminal Law :

"It may be generally said, that the fact that the two offenses form part of the same transaction is no defense, when the defendant could not have been convicted at the first trial, on the indictment then pending, of the offense charged in the second indictment."

He also cites with approval Russell on Crimes, as follows :

"The acquittal on one indictment, in order to be a good defense to a subsequent indictment, must be an acquittal of the same identical offense charged in the first indictment."

See, also, *The State v. Coombs*, 32 Me. 529 ; *The State v. Wheeler*, 62 Vt. 439 ; *The State v. Stewart*, 11 Ore. 52 ; *The State v. Inness*, 53 Me. 536 ; *Arrington v. Commonwealth*, 87 Va. 96 ; *Commonwealth v. McCabe* (Mass.), 40 N. E. Rep. 182.

The defendant also calls attention to a discrepancy between the election as to the particular sales upon which the state announced that it would rely for a

conviction and the instructions of the court, and urges that because of this discrepancy the rights of the defendant may have been prejudiced. A sufficient answer to this suggestion is, that as the record does not show that the attention of the trial court was called to this discrepancy, and as no objections were made to the instructions as given, nor amendments offered thereto, nor other and additional instructions requested, any errors in the instructions as given must be held to have been waived, especially as it appears that the sale referred to in the election by the state and the one covered by the instructions of the court were made at the same time, and both testified to by the same witness.

And, finally, the defendant asks this court to reverse the judgment and order a new trial on the ground that the only witness who testified to the particular sale of which the defendant was convicted admitted, upon cross-examination, that he had been furnished the money with which to make the purchases testified to by him; that he at that time expected to be used as a witness against the defendant; that he had been hired to make the complaint and to become a witness; that he cared nothing about the enforcement of that law; and that, in making the complaint and becoming a witness in this case, he was prompted solely by the money which had been promised him by others. In other words, this court is asked to declare, as a matter of law, that such a witness is unworthy of belief, and that the defendant should not be deprived of his liberty, property or reputation on the unsupported testimony of a "spotter," although such evidence was uncontradicted, and no attempt was made to impeach the witness save by showing the motives which prompted him to do what he did toward securing the

conviction of the defendant. The trial court was not requested to submit to the jury an instruction embodying that proposition, and we know of no law which would have authorized such an instruction. Neither do we know of any precedent which we might follow were we to declare the rule to be as argued, even if we entertained the views expressed by counsel. The argument made before this court upon this branch of the case might, with much propriety, have been made to the jury. Great latitude in the discussion of the question as to the credibility of this witness and the reliability of the testimony given by him would undoubtedly have been allowed under the following instructions given by the court :

" The law constitutes you the sole judge of the evidence and also the credibility of the witnesses. You must determine what faith and credit you will give to the testimony of each witness, and you may, for the purpose of determining their credibility and the weight to be given to their testimony, note their appearance and demeanor upon the witness-stand ; what, if any, interest they have in the prosecution, or motive to vary from the truth, or are disinterested, except as citizens desiring the enforcement of the law. It is the duty of the jury to judge the witnesses fairly and weigh all the evidence impartially, with a view to an ascertainment of the truth relative to the charges in the information, and to declare the truth as you find it in your verdict. If the jury believe that any witness has sworn wilfully falsely to any material fact in this case, you may disregard the whole testimony of such witness. You should view and weigh carefully and impartially all the evidence, and declare in your verdict your honest conviction of the truth, when that is held free from reasonable doubt."

The question before this court is not as to what weight would have been given to the testimony of this witness, Sorenson, by the members of this court

had they been sitting as jurors in the case, but rather, Was there any proper evidence upon which to base the verdict of the jury? The court properly instructed the jury that they were the sole judges of the evidence and the credibility of the witnesses. The trial judge approved the verdict of guilty by the jury, and, as there was some proper evidence upon which to base the verdict, even though it be that of a mercenary witness, this court cannot disturb it.

The judgment will be affirmed.

All the Judges concurring.