### ALLEN BEAMER v. STATE OF OHIO.

ACQUITTAL ON ONE CHARGE AS BAR TO ANOTHER CHARGE BASED ON SAME FACTS.

     A person acquitted on an indictment for stealing certain property may be subsequently indicted and tried for receiving and concealing the same property, knowing it to have been stolen.

[For other cases in point, see 3 Cyc. Dig., "Criminal Law and Practice," §§ 258-266.—Ed.]

[Syllabus approved by the court.]

ERROR to Huron common pleas court.

**J. R. McKnight,** for plaintiff in error.

**L. W. Wickham,** for defendant in error:

Acquittal on one charge as a bar to another charge based on same facts. *People v. Parrow,* 80 Mich. 567 [45 N. W. Rep. 514]; *State v. Warner,* 14 Ind. 572; *State v. Martin,* 76 Mo. 337; *Commonwealth v. Vaughn,* 101 Ky. 603 [42 S. W. Rep. 117; 45 L. R. A. 858]; Bishop, Crim. Law (7 ed.) Sec. 1051; *Arrington v. Commonwealth,* 87 Va. 96 [12 S. E. Rep. 224; 10 L. R. A. 242]; *Morey v. Commonwealth,* 108 Mass. 433; *Burress v. Commonwealth,* 68 Va. (27 Gratt.) 934; *Irvin v. State,* 7 Tex. App. 78; *State v. Littlefield,* 70 Me. 452 [35 Am. Rep. 335]; *Roberts v. State,* 14 Ga. 8 [58 Am. Dec. 528]; *State v. Faulkner,* 39 La. Ann. 811 [2 So. Rep. 539]; *Harrison v. State,* 36 Ala. 248; *Price v. State,* 19 Ohio 423; *Bainbridge v. State,* 30 Ohio St. 264; 1 Archbold, Crim. Pl. & Pr. (6 ed.) 112, n. 2; 1 Bishop, Crim. Law Sec. 680a, 896; *Foster v. State,* 39 Ala. 229; *Dominick v. State,* 40 Ala. 680 [91 Am. Dec. 496]; *Durham v. People,* 5 Ill. (4 Scam.) 172 [39 Am. Dec. 407]; *State v. Reiff,* 14 Wash. 664 [45 Pac. Rep. 318]; 1 Bishop, Crim. Law (4 ed.) Sec. 884 *et seq.*

**PARKER, J.**

Allen Beamer, plaintiff in error, was indicted and convicted of the offense of receiving and concealing stolen property, knowing that it was stolen. He filed a plea in bar, setting forth that at an earlier time in the same court, he had been indicted for stealing this same property and that upon trial he had been acquitted. He sets forth distinctly that it was the same transaction and the same property, and his contention is, that this constituted a good plea in bar. To that plea in bar the state filed a demurrer. This was the proper method of pre-

senting the question of law that the state desired to raise, *i. e.*, as to whether, upon the face of this pleading, it stated sufficient facts to constitute a good plea in bar. Counsel for plaintiff in error demanded a jury to try the issues, and complain because that demand was disregarded.

This question must be determined by the court from an examination and consideration of the record. As there was no controverted question of fact there was nothing to submit to a jury. If any of the averments of facts in the plea in bar had been denied by answer, then, of course, the question or issue of fact thus raised should have been submitted to a jury. This demurrer raises simply a question of law.

True, it is averred in this plea in bar that the offense on account of which he was tried and acquitted, and the offense charged in the second indictment of receiving and concealing the stolen property, was the same offense; but we think the court was not bound to regard that conclusion as raising a question of fact for a jury, in view of the fact that it appeared upon the face of the record that the first crime charged was that of stealing, and the crime charged in the second indictment was entirely different, viz.: the crime of receiving and concealing property stolen by another. We are satisfied that the decision of the court below upon that point was correct; that the offenses, within the meaning of the law on the subject of being twice in jeopardy, and a former acquittal being a bar, were separate and distinct; that the word "offense" in that connection means a crime, and these were not the same offense,—were not the same crime, but were separate and distinct offenses or crimes, so that an acquittal of one would not amount to a bar to a prosecution for the other.

I read from brief of counsel for the state, a citation taken from the case of *Arrington* v. *Commonwealth*, 87 Va. 96 [12 S. E. Rep. 224; 10 L. R. A. 242, 246]:

"The test is, 'not whether the defendant has already been tried for the same act, but whether he has been put in jeopardy for the same offense. A single act may be an offense against two statutes, and; if each statute requires proof of an additional act which the other does not, an acquittal or conviction under either statute does not exempt the defendant from prosecution and punishment under the other.'"

It is apparent that a conviction of one for receiving property stolen by another could not be had upon evidence showing that the defendant had stolen the property. On the other hand, a conviction for stealing property could not be sustained upon evidence that another had stolen

the property and that the person on trial had only received and concealed it knowing it to have been stolen.

Again I cite from brief of counsel:

" 'Although proof of one particular fact is necessary to a conviction under either of two statutes, yet, if each statute requires proof of an additional fact which the other does not, an acquittal or conviction under either is no bar to prosecution and punishment under the other.' *Morey* v. *The Commonwealth*, 108 Mass. 433."

"Unless the first indictment was such as the prisoner might have been convicted upon, by proof of the facts contained in the second indictment, an acquittal on the first indictment can be no bar to the second. *State* v. *Littlefield*, 35 Am. Rep. 344n [70 Me. 452]."

It is very evident that upon proof of the facts averred in this second indictment, *i. e.*, that defendant was the receiver of property stolen by another, the defendant could not have been convicted of theft of the same property.

I cite further from brief of counsel:

" 'The test relied on in determining whether a plea of former acquittal or conviction will avail as a bar is, that the facts alleged in the second indictment must be such that if proved they would have procured a legal conviction upon the prior indictment under which the prisoner has been acquitted or convicted.' *Roberts* v. *State*, 58 Am. Dec. 537n [14 Ga. 8]."

" 'A former trial is not a bar, unless the first indictment was such that the prisoner might have been convicted upon proof of the facts set forth in the second indictment.' "

" 'There was no error in charging a jury that a trial for, and acquittal of, the forgery of an instrument was not a bar to a subsequent indictment for uttering the same instrument as genuine, knowing it to be forged.' *Harrison* v. *State*, 36 Ala. 248-249."

" 'On a plea of *autrefois acquit*, the true test to determine whether the accused has been put in jeopardy for the same offense, is whether the facts alleged in the second, if proven to be true, would have warranted a conviction in the first indictment.' *Price* v. *State*, 19 Ohio 423, 424."

"See also *Bainbridge* v. *State*, 30 Ohio St. 264."

Substantially the same test is laid down in the case of *State* v. *Warner*, 14 Ind. 572; in 1 Archbold, Crim. Pr. & Pl. (6 ed.) 112, note 2; 1 Bishop, Crim. Law Sec. 680-a, 896, and some other cases that are cited in the brief.

Beamer v. State.

We know of no law or authority running contrary to the authorities cited. The judgment of the court of common pleas will be affirmed.

**Haynes** and **Wildman, JJ.,** concur.