# Richmond

ROBERT NICHOLAS v. COMMONWEALTH OF VIRGINIA.

November 24, 1947.

Record No. 3251.

Present, Hudgins, C. J., and Gregory, Eggleston, Spratley and Buchanan, JJ.

The opinion states the case.

*W. M. Abbitt, A. L. Pitts, Jr.,* and *John B. Boatwright,* for the plaintiff in error.

*Abram P. Staples, Attorney General,* and *G. Stanley Clarke, Assistant Attorney General,* for the Commonwealth.

BUCHANAN, J., delivered the opinion of the court.

The defendant, Nicholas, has been found guilty of contempt and sentenced to serve twelve months in jail and to pay a fine of five hundred dollars for violating an injunction issued October 19, 1942, enjoining him from, among other things, selling alcoholic beverages on certain premises in Cumberland county. We recently upheld a conviction of the defendant for violating the same injunction. *Nicholas v. Commonwealth, ante,* p. 315, 42 S. E. (2d) 306.

The violation alleged, and of which he was found guilty in this instance, was a sale of a fifth of a gallon of whiskey to Frazier White on the night of August 25, 1946, for which he was convicted by a jury and sentenced, and the judgment of conviction was reversed for error in respect to the verdict. See *Nicholas v. Commonwealth, ante,* p. 979, 45 S. E. (2d) 302.

It was agreed that the sale charge and the contempt charge should be heard at the same time, the court to decide the

contempt case on the same evidence heard by the jury in the sale case, with the right to each side to offer any additional evidence desired on the contempt charge after the trial of the case. The only additional evidence offered was that introduced by the defendant to show that the alleged sale did not take place on the premises described in the injunction proceedings.

The injunction issued in 1942 was on a bill in equity filed by the attorney for the Commonwealth, alleging that Mary Nicholas and Robert Nicholas, her husband, "have operated and maintained a house" in Cumberland county "upon that certain piece of real estate * * * located in said county on the north side of the public road leading from Flanagans' Mill in Cumberland County, Virginia, to New Canton in Buckingham County, Virginia, and containing approximately 24 acres; and that the heirs at law of Mary Nicholas, deceased, to-wit:" (naming them), "are the owners of said real estate subject to curtesy rights of Robert Nicholas, widower of the late Mary Nicholas;" that Mary Nicholas and Robert Nicholas have maintained and operated "upon the premises above described, what is commonly called a restaurant; and that alcoholic beverages have been sold upon these premises on numerous occasions in a manner contrary to the laws of this State;" and that this constituted a nuisance.

A decree was entered in that suit, as stated, on October 19, 1942, perpetually enjoining Robert Nicholas and others from selling, storing, using, etc., alcoholic beverages "upon the premises described in the said bill of complaint, to-wit: a certain lunch room and dwelling house located on that certain piece of real estate located in the County of Cumberland," etc. (describing it as in the bill).

The attorney for the Commonwealth filed his petition in that suit on September 4, 1946, alleging a volation of the injunction by the sale to Frazier White on August 25, 1946. The defendant filed a plea of former jeopardy, based on his conviction by the jury for the sale. The court over-

ruled the plea and entered a judgment on October 11, 1946, adjudging Nicholas to be guilty of contempt and sentencing him as stated, and this writ of error was allowed to that judgment.

The plea of former jeopardy because of the jury trial for violating the criminal statute stated no defense to the charge of violating the injunction. The issuance of the injunction was authorized by statute. Code (Michie), Section 4675(56); *Nicholas* v. *Commonwealth*, *ante*, p. 315, 42 S. E. (2d) 306.

"In some jurisdictions statutes authorize injunctions against criminal acts; and when such an injunction has been issued, whether on the ground of preventing irremediable injury to property or by statutory authority to prevent crime, the rule as to former jeopardy cannot be invoked on the ground that the same act is punishable both as a contempt of court and as a crime. The two offenses are not the same." 15 Am. Jur., Criminal Law, Section 366, pp. 44-5. 22 C. J. S., Criminal Law, Section 293, p. 442; *Arrington* v. *Commonwealth*, 87 Va. 96, 12 S. E. 224, 10 L. R. A. 242.

The main contention of the defendant is that the Commonwealth wholly failed to prove that the sale occurred on the premises described in the injunction proceeding; but that to the contrary, the evidence of the defendant showed definitely that it did not occur on those premises. Before the hearing began, counsel for the defendant stated to the court "that the injunction order is not broad enough to cover the place where this alleged offense occurred."

In the evidence introduced before the jury on the sale charge, no attempt was made to give a definite location of the place in which the sale was alleged to have been made. Throughout the evidence the place of the alleged sale was referred to as "the store," and a few times as "Robert Nicholas'.place," located on route 27, in Cumberland county, five or six miles west of Cartersville and a mile or mile and a half from Flanagans' Mill. In the Commonwealth's evi-

dence no attempt was made to relate the store to the premises described in the injunction suit. So far as that evidence goes, this store could be miles away from the property upon which the defendant had been enjoined from selling liquor.

In that state of the record the defendant, under the arrangement for introducing additional testimony, testified that the place where the alleged sale occurred was not on the 24 acres of land described in the bill, but was on a two-acre tract sold to him by Mr. R. O. Garrett; that the 24-acre tract was owned by his wife, Mary, who died; that his store, corn house and chicken house are on the two-acre tract, but his dance hall and other houses are back on the 24-acre tract. No attempt was made to contradict this testimony by cross-examination or otherwise, and the record shows nothing inconsistent with this assertion. There is just no evidence in the case that the pace where the sale was said to have been made was any part of the premises to which the injunction applied. The only evidence on the subject is to the contrary.

In discussing the resulting situation, the trial court said: "The only question here, gentlemen, is whether this description might not cover 26 acres as well as it does 24. It doesn't say exactly 24 acres. It is right clear that the court intended to enjoin this man from selling liquor on these premises where he lived."

No doubt that was the intention, and it may also be true that the place where the liquor was said to have been sold was on these premises, but there was no evidence that it was. There is no legal way to prove without evidence that "the store," in which the Commonwealth claimed the defendant sold the whiskey, located on a two-acre tract owned by the defendant, is the same place as "a certain lunchroom and dwelling house," located on a 24-acre tract owned by the heirs of Mary Nicholas.

The defendant is not to be deprived of his liberty without proof that he violated the court's injunction. His

guilt cannot be presumed. In *Nicholas* v. *Commonwealth, ante,* p. 315, 42 S. E. (2d) 306, we said of criminal contempt proceedings in general, and of this injunction in particular, that the charge of violation must be proved beyond a reasonable doubt. It was as essential for the Commonwealth to prove that the sale was made on the premises described in the injunction order as it was to prove that the defendant made the sale.

For this failure, the judgment of conviction is reversed and set aside and the case is remanded for such further proceedings as the Commonwealth may be advised.

*Reversed and remanded.*