## CIRCUIT COURT OF THE CITY OF WINCHESTER

Commonwealth of Virginia

    v.

Robert Keith Hawkins

### April 27, 1982

### Case No. 82-CR-3

## By JUDGE HENRY H. WHITING

In this case the Court must construe Virginia Code Section 19.2-294 as it relates to a prior conviction of the misdemeanor of obstructing justice and a subsequent attempt to convict the same defendant of the felony of leaving the scene of the accident after personal injuries.

The facts established in this trial before a jury were relatively simple; this defendant was the operator of a car pursued by Winchester Police Officer Riner after a high-speed chase through the City of Winchester on the night of September 26, 1981. The chase ended when the defendant lost control of his car and it turned over on its top as the police officer was pursuing it. The police officer said that the defendant got out of the car, pushed the police officer back as he attempted to interview and charge him, the police officer pursued the defendant a short distance trying to subdue him and take him into custody but had to abandon the chase because some of the passengers in the car who were injured and trapped in the car screamed for help. The defendant claimed that the officer tackled him after he got out of the car and he got up and ran away but stopped and hid a short distance from the accident at a nearby rock break. Both he and the police officer agreed that he was arrested about eight or ten minutes later. The evidence showed that the defendant was charged and either convicted or pled guilty of: (1) resisting arrest; (2) driving under

the influence; (3) driving on a suspended license; (4) failing to stop at a stop sign, and now this Court must decide whether he may also be convicted of "hit and run involving personal injury."

Counsel for the defendant has filed a short memorandum pointing out in trenchant terms the confusion between double jeopardy and the Virginia statute he asserts which bars a second conviction for the same act. This confusion resulted from the Court's faulty recollection of the article it desired both counsel to read in the Winter 1982 issue of the *Virginia Bar Association Journal*. The article the Court had in mind was the one written by Judge Zepkin, "Collateral Estoppel; An Emerging Weapon - or Trap," set forth on page 4 of that publication. That article is not on exactly this point but focuses on the difference between issue preclusion and double jeopardy. It does not answer the question raised but it is helpful in sorting out background information and focusing our attention on the particular issue at hand in this case: *was "resisting this arrest" and fleeing the officer the same act as "hit and run involving personal injury"*?

A surface view of the issue would seem to support the defendant's position, which is well presented in his counsel's memorandum of February 16, 1982. However, the Court's independent investigation, materially assisted by Clara Smith, one of the law clerks in the Nineteenth Judicial Circuit of Virginia, indicates a contrary result.

As is so often true in cases such as this one, the rules are clear, the difficulty arises in the application of the rules to the facts of the particular case. No one contests the legislative intent to preclude multiple convictions for the commission of the "same act" (even though it be a "violation of two or more statutes," Section 19.2-294). The difficulty is in deciding whether the accused's activity involved "the same act" or "two or more acts." Fortunately, the Supreme Court has given us some guidance in its prior decisions, and a review of those decisions is of assistance in sorting out the issues and deciding this case.

*Hundley* v. *Commonwealth*, 193 Va. 449 (1952), in sustaining a conviction of driving under the influence after a prior conviction of reckless driving arising out of the same act, said:

> A test of the identity of the acts or offenses is whether the same evidence is required to sustain them; if not, then the fact that several charges relate to and grow out of one transaction or occurrence does not make a single act or offense where two separate acts or offenses are defined by statute. . .
>
> It is conceivable for a person under the influence of intoxicants to drive properly. Many people not under the influence of intoxicants drive recklessly.
>
> These facts disclose more than one act. They show two separate acts resulting in the commission of two offenses, and in such instance the statute does not apply. *Id.*, at 451.

*Hundley* is the only case cited in support of the decision in *Estes* v. *Commonwealth*, 212 Va. 23 (1971), sustaining two convictions arising out of one act of driving where the defendant is convicted first of operating on a suspended driver's license and then later of driving under the influence. The *Estes* Court held this could be done "because the defendant could have been convicted of driving under the influence without evidence of the suspension of his driver's license, and he could have been convicted of driving on a suspended license without evidence of his intoxication," *Id.* at 24.

Applying the *Estes* and *Hundley* yardsticks to our facts, we see that Hawkins could have been convicted of resisting arrest without any evidence being introduced to show that he failed to supply the information or render the assistance required under the "hit-and-run" statute, Section 46.1-176. The closest Hawkins can come to an argument that these two statutes punish the "same act" is an assertion that the first element of the hit-and-run statute requiring the driver to "stop as close to the scene of the accident as possible. . . and report forthwith to the police authority," but apart from the fact that there are other acts mandated by the hit-and-run statute the first two requirements thereof appear to come within the test enunciated by *Estes* and *Hundley*. Paraphrasing *Estes*, Hawkins could have been convicted of resisting arrest without evidence that he failed to stop his vehicle as close to the scene as possible or failed

to report forthwith to the police authorities, and he could have been convicted of hit and run without any evidence that he resisted arrest. While it is coincidental that he both resisted arrest and fled, nevertheless his fleeing *followed* his resisting arrest and was *only one* of the elements of hit and run.

The Court has read all of the Virginia cases it could find applying the Hawkins-asserted statute, and a brief discussion of the facts in those cases merely underscores this holding.

*Wheeler* v. *Commonwealth*, 192 Va. 665 (1951), reversed a conviction for the possession of illegal whiskey because of a prior conviction of sale of the same "bootleg whiskey" since "possession is a necessary element of a sale," *Id.*, at 668. *Owens* v. *Commonwealth*, 129 Va. 757 (1921), recognized the application of the statute but denied a motion to dismiss where there was no showing of a conviction in the federal court on a prosecution of the same liquor law violation pending in the state court.

This statute was said to have been enacted in response to the injustice exemplified by *Arrington* v. *Commonwealth*, 87 Va. 96 (1890), sustaining a conviction for the sale of whiskey without a license where the defendant had already been convicted of selling the same whiskey on a Sunday and the defendant's plea of former conviction being overruled on the ground that the same acts may be an offense against two statutes, but if each statute requires proof of an additional fact which the other one does not, former jeopardy does not apply, *id.*, at 100. The Court pointed out that there need be no evidence of whether the defendant had a license to convict her of selling the whiskey on Sunday and the question of license was immaterial in her prosecution for selling the same substance on a Sunday. *Ibid*. The Court discussed an Arkansas case adopting the same rationale on the sale of liquor to a minor without a license, and a Massachusetts case permitting prosecution for both lewd and lascivious cohabitation and adultery. If, as the Court said in *Owens* v. *Commonwealth*, *supra*, this statute was to remove the hardship manifest in *Arrington*, the holding in *Ashby* v. *Commonwealth*, 208 Va. 443 (1968), would appear to be close to the Massachusetts-cited case in *Arrington*. In *Ashby* the Court permitted a subsequent conviction for sodomy after a conviction for indecent exposure, both

arising out of the same act. While not essential to the holding since the case was reversed on another ground, the Court pointed out that these were "two acts. . . even if the [prior] conviction of indecent exposure with lascivious intent was based on the same evidence produced in this case, Code § 19.1-259 [the predecessor statute] is not applicable, see *Jones* v. *Commonwealth*, 208 Va. 370, 157 S.E.2d 907 (1967)." *Id.*, at 466.

Given the narrow construction our Supreme Court has given the statute in question, this Court has little doubt that Hawkins did commit at least two acts and that the act of resisting arrest was a different act from "hit and run" and, therefore, overrules the motion to set aside the verdict.