# CIRCUIT COURT OF FAIRFAX COUNTY

Commonwealth of Virginia

v.

Dominique A. Childs

July 20, 2010

Case No. FE-2010-749

BY JUDGE JONATHAN C. THACHER

This matter comes to the Court on Defendant Dominique A. Childs' motion to dismiss his indictment for failure to appear on a felony. Upon consideration of the pleadings, the oral argument of counsel, and the relevant legal authority, the Court grants the motion.

*Background*

Childs was previously charged with burglary, grand larceny, and receiving stolen property. On April 27, 2010, Childs was in the midst of a jury trial on these charges before Judge Dennis J. Smith when he failed to return for the continuation of the trial after the lunch recess. Judge Smith declared a mistrial. The case is set to be retried on July 27, 2010. Judge Smith also issued a bench warrant for Childs' arrest and issued a Rule to Show Cause summoning Childs "to show cause, if any he can, why he should not be held in contempt of Court for his failure to appear for trial proceedings." On June 24, 2010, Childs pleaded guilty to contempt of court. In accordance with Va. Code § 18.2-456, Childs was sentenced to serve ten days in jail for his contempt. The Commonwealth, however, is also proceeding with an indictment for failure to appear for a felony,

pursuant to Va. Code § 19.2-128(B). The indictment arises from the same incident as Childs' contempt conviction.

Childs contends that allowing the Commonwealth to proceed with this indictment violates Va. Code § 19.2-294 ("Statute"), which bars a defendant's prosecution for violating a statute if the defendant has been previously convicted under another statute for the same act.

(Childs also argues that his prosecution for failure to appeal on a felony is bared by *res judicata*. *Res judicata* prohibits successive actions arising from identified conduct, a transaction, or an occurrence when a final judgment on the merits of a claim is entered. Va. Sup. Ct. R. 1:6(a); *State Water Control Bd. v. Smithfield Foods*, 261 Va. 209, 214, 542 S.E.2d 766 (2001). A final order "disposes of the whole subject, gives all the relief that is contemplated, and leaves nothing to be done by the court. ... On the other hand, every decree which leaves anything in the cause to be done by the court is interlocutory as between the parties remaining in the court." *Dearing v. Walter*, 175 Va. 555, 561, 9 S.E.2d 336 (1940). In this case, Childs was convicted of contempt of court as part of the proceedings for his prosecution for burglary, grand larceny, and receiving stolen property. This conviction was interlocutory. The case is ongoing and there has been no final order. As a result, *res judicata* does not bar Childs' prosecution for failure to appear on a felony.)

The Commonwealth disagrees. Instead she argues that § 19.2-294 is a bar against the constitution prohibition against double jeopardy. The Commonwealth also argues that double jeopardy does not prohibit Childs' prosecution because the criminal statute for failure to appear on a felony and his punishment for being in contempt of Court are separate offenses. This argument runs directly afoul of the plain meaning of the Statute which specifically prohibits successive prosecutions for separate offenses when the same act forms the basis for each offense.

*Analysis*

"If the same act be a violation of two or more statutes ... conviction under one of such statutes or ordinances shall be a bar to a prosecution or proceeding under the other or others." Va. Code § 19.2-294. This statutory bar to successive prosecutions for the same act is similar, but not identical, to the constitutional prohibition against double jeopardy. See *Epps v. Commonwealth*, 216 Va. 150, 155, 216 S.E.2d 64 (1975) (holding that neither double jeopardy nor the statute prohibited the prosecution of a defendant for separate and distinct acts arising out of the same incident).

The Commonwealth's argument that Childs' prosecution is not prohibited by the Statute because it does not violate the constitutional prohibition against double jeopardy is not persuasive. While the two bars against successive prosecutions are close cousins, they are not identical twins.

It is true that, in a case that pre-dates the modern version of the Statute, the Supreme Court of Virginia held that "[i]n some jurisdictions statutes authorize injunctions against criminal acts, and when such an injunction has been issued, whether on the ground of preventing irremediable injury to property or by statutory authority to prevent crime, the rule as to former jeopardy cannot be invoked on the ground that the same act is punishable both as a contempt of court and as a crime. The two offenses are not the same." *Nicholas v. Commonwealth*, 186 Va. 986, 988, 45 S.E.2d 305 (1947). This inquiry, however, was based upon whether the prosecution of the defendant violated the constitutional bar against double jeopardy. It did not address whether the Statute prohibited a successive prosecution of the defendant. ˈ

The question of whether Childs is being put twice in jeopardy for the same offense, in violation of the Constitution of the United States and the Constitution of Virginia is not before the Court. The Court need only decide whether the prosecution is barred by the Statute. Pursuant to Va. Code § 18.2-456, Childs pleaded guilty to being in contempt of court, as charged in the Rule to Show Cause. The Rule to Show Cause charged Childs to show why he should not be held in contempt "for failure to appear for trial proceedings." Now the Commonwealth continues to prosecute an indictment against Childs for "unlawfully, feloniously, and willfully [failing] to appear after being charged with a felony offense" under Va. Code § 19.2-128(B). The act upon which the indictment is based is the same act for which he has been punished by his contempt of court conviction. This is a successive prosecution for an act which is punishable by multiple statutes. As a result, the prosecution is barred by the Statute.

Because Va. Code § 19.2-294 bars Childs' prosecution for failure to appear on a felony, Childs' Motion to Dismiss the Indictment is granted.