**UNITED STATES of America,
Plaintiff,**

v.

**John F. BAUER, III, Defendant.**

**Cr. No. 911–56.**

United States District Court
District of Columbia.

Nov. 3, 1961.

David Acheson, U. S. Atty., and Daniel J. McTague, Asst. U. S. Atty. for the Dist. of Columbia, Washington, D. C., for plaintiff.

William A. Hall, Jr., Richmond, Va., for defendant.

HOLTZOFF, District Judge.

This is a motion under Rule 35 of the Federal Rules of Criminal Procedure, 18

U.S.C.A., to correct a sentence claimed to be illegal.

The defendant was indicted on September 4, 1956. The indictment contained three counts. The first count charged robbery, the second count charged assault with a dangerous weapon on the victim of the robbery, and the third count charged carrying a pistol without a license as required by law. The defendant pleaded guilty and on October 5, 1956, he was sentenced by this Court to a term of imprisonment of 5 years to 15 years on Count 1 and 20 months to 5 years on Count 2, the two sentences to run consecutively. In addition, a concurrent sentence of imprisonment for one year was imposed on Count 3.

A number of grounds have been raised in support of the motion, none of which, with a single exception, are worthy of serious consideration. One of the grounds, however, raises an important question of law that merits study, and for that reason the Court set this matter down for oral argument. This question is whether it was legal for the Court to impose consecutive sentences on the first and second counts of the indictment, namely, robbery and assault with a dangerous weapon.

The facts of this case are that the defendant committed an armed robbery in a store located in Washington, D. C. In the course of the robbery the victim was compelled to open his safe, out of which some money was stolen by the perpetrator of the crime. Before leaving the store, the defendant then struck the victim viciously over the head, and inflicted severe wounds on him.

It is well settled that the test whether consecutive sentences may be imposed under two or more counts charging separate offenses, arising, however, out of the same transaction or the same chain of events, is whether the offense charged in one count involves any different elements than an offense charged in another count. In other words, the test is whether some additional evidence is required to prove one of the offenses

than is necessary to prove one of the other offenses.

One of the early cases formulating this principle is Gavieres v. United States, 220 U.S. 338, 343, 31 S.Ct. 421, 55 L.Ed. 489. The Court pointed out that evidence sufficient for conviction under the first charge would not have convicted under the second, since in the second case it was necessary to prove an element not involved in the first charge. Under the circumstances, the Court upheld the conviction under both charges.

The well known cases of Blockburger v. United States, 284 U.S. 299, 304, 52 S.Ct. 180, 76 L.Ed. 306, and Gore v. United States, 357 U.S. 386, 389, 78 S.Ct. 1280, 2 L.Ed.2d 1405, reiterate this principle and apply it to narcotic offenses. Each of these two cases involved violations of the narcotic laws. A single transaction was charged to violate three different statutes in three different counts. The Court imposed consecutive sentences. The Supreme Court held that this course was proper on the ground that in each instance, while only a single transaction was involved, the specific violation involved an element in one of the counts that was not needed to support a conviction on another count.

In Albrecht v. United States, 273 U.S. 1, 11, 47 S.Ct. 250, 254, 71 L.Ed. 505, Mr. Justice Brandeis wrote:

"There is nothing in the Constitution which prevents Congress from punishing separately each step leading to the consummation of a transaction which it has power to prohibit and punishing also the completed transaction."

In that case it was held proper to impose separate sentences on charges of illegal possession of liquor and illegal sale of liquor, as well as the charge of maintaining a common nuisance. Mr. Justice Brandeis stated that since possessing and selling are distinct offenses there was no double punishment, even though the liquor which the defendants were convicted of having sold was the same that they were convicted of having possessed.

In this case proof of robbery would not be sufficient to prove assault with a dangerous weapon because assault with a dangerous weapon involves an element not involved in or comprised in the definition of the crime of robbery. The situation might be different if the second count charged simple assault, because proof of robbery would also include, by implication, proof of simple assault. In this instance, however, proof of robbery does not include by necessary implication proof of assault with a dangerous weapon. Consequently, the Court is of the opinion that the sentences imposed in this case were legal and, therefore, may not be set aside or reduced.

The Court might add that the reason for imposing consecutive sentences appears from the transcript of proceedings of this Court held on October 5, 1956. At that time the Court in imposing sentence made the following statement:

"This defendant committed two very vicious crimes. He committed a holdup with a gun—armed robbery. But in addition to that, after he had consummated the robbery he struck his victim viciously over the head and badly beat him, so that his victim received seven cuts on his head that required twenty stitches. This defendant is a dangerous man. In view of the seriousness of these crimes the Court feels that a very severe punishment should be imposed, especially in view of the fact that at the time these crimes were committed the defendant was on probation on a charge of forgery imposed in the State of Virginia."

The motion to reduce the sentence is denied.