STATE OF NEBRASKA, APPELLEE, v. LAWRENCE SAXON, APPELLANT.

226 N. W. 2d 765

Filed March 6, 1975. No. 39737.

Renne Edmunds of Knowles & Edmunds, for appellant.

Paul L. Douglas, Attorney General, and Melvin K. Kammerlohr, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, NEWTON, CLINTON, and BRODKEY, JJ.

McCOWN, J.

This is a post conviction proceeding in which the defendant seeks to vacate a sentence of 3 to 10 years imprisonment for the use of a firearm in the commission of a felony (robbery). That sentence was in addition and consecutive to a 25-year sentence for the robbery. The defendant contends that the imposition of the additional and consecutive sentence violates constitutional provisions as to double jeopardy and due process.

The defendant was originally charged with kidnapping, robbery, use of a firearm in the commission of a felony, and assault with intent to commit murder. The kidnapping count was dismissed. The defendant pleaded guilty to the other three counts. The defendant was sentenced on the robbery count to 25 years imprisonment; on the count for use of a firearm in the commission of a felony (robbery), 3 to 10 years consecutive to the robbery sentence; and on the assault count, 15 years to be served concurrently with the robbery sentence. The facts are set out in State v. Saxon, 187 Neb. 338, 190 N. W. 2d 854. The facts which are essential in the present case are that the firearm used in the robbery is the firearm which forms the basis of the charge and sen-

tence for using a firearm in the commission of a felony, and the events which form the basis for both charges occurred as part of one continuous chain of events.

It is the defendant's position that the robbery count and the count for the use of a firearm in the commission of that felony are merged, and that a sentence on each of the counts to be served consecutively violates constitutional prohibitions against double jeopardy.

Section 28-414, R. R. S. 1943, provides in part: "Whoever forcibly, and by violence, or by putting in fear, takes from the person of another any money or personal property, of any value whatever, with the intent to rob or steal, shall be deemed guilty of robbery, * * *." The use or carrying of a firearm or oher dangerous weapon is not an essential element of the crime of robbery under our statute. Neither is there any statute in this state creating an aggravated degree of the crime of robbery.

Section 28-1011.21, R. S. Supp., 1974, provides: "Any person who *uses* a firearm, knife, brass or iron knuckles, or any other dangerous weapon to commit any felony which may be prosecuted in a court of this state, or any person who *unlawfully carries* a firearm, knife, brass or iron knuckles, or any other dangerous weapon during the commission of any felony which may be prosecuted in a court of this state, shall be guilty of a separate and distinct felony and shall, upon conviction thereof, be punished by confinement in the Nebraska Penal and Correctional Complex not less than three years nor more than ten years, and such sentence shall be consecutive to any other sentence imposed upon him." (Emphasis ours.) Although the statute specifies that the offense is a separate and distinct felony, it is also apparent that the offense must be connected to an underlying felony, and proof of that underlying felony is essential to conviction under this section. A sentence under this section must be additional and consecutive to the sentence on an underlying felony conviction. A defendant acquitted on the underlying felony charge cannot be convicted of an

offense under this section involving that felony; but a defendant convicted of the underlying felony might still be acquitted on a charge under this section.

The cases relied upon by the defendant to support his position are inapplicable. They involve statutes dealing with aggravated degrees of specific felonies in which the essential elements of the aggravated crimes are identical to those of the dangerous weapons statute, or they involve a dangerous weapons statute which itself becomes an aggravated degree felony statute, and the underlying felony becomes a lesser included offense. None of these fit the pattern of the Nebraska statutes.

It is well settled that the test of whether consecutive sentences may be imposed under two or more counts charging separate offenses, arising out of the same transaction or the same chain of events, is whether the offense charged in one count involves any different elements than an offense charged in another count. The test is whether some additional evidence is required to prove one of the offenses than is necessary to prove one of the other offenses. See, United States v. Bauer, 198 F. Supp. 753; Blockburger v. United States, 284 U. S. 299, 52 S. Ct. 180, 76 L. Ed. 306.

We think the case of People v. Chambers, 7 Cal. 3d 666, 102 Cal. Rptr. 776, 498 P. 2d 1024, which deals with a statute very similar to section 28-1011.21, R. S. Supp., 1974, appropriately treats the statute as one which provides increased penalties for defendants who are "armed" during the commission of felonies. The California court in that case applied the additional punishment statute even though the basic felony was an aggravated degree of robbery under which the use of a weapon was an essential element of the crime of armed robbery. The court did so in that case because of specific language of the Legislature which stated: "This section shall apply even in those cases where the use of a weapon is an element of the offense." § 12022.5, Cal. Pen. Code. The quoted language arose as a result of People v. Floyd,

71 Cal. 2d 879, 80 Cal. Rptr. 22, 457 P. 2d 862. That case held that where the statute fixed the penalty for armed robbery and the fact of being armed was essential to conviction under that statute, section 12022 of the penal code providing for additional punishment was inapplicable. The Floyd case also pointed out that even under its holding the additional punishment section could clearly be imposed where the use of the weapon was not one of the essential elements of the underlying felony.

At least with respect to the crime of robbery as currently defined by section 28-414, R. R. S. 1943, the use or carrying of a firearm or any other dangerous weapon is not an essential element of the crime. To convict a defendant on a charge of using or carrying a weapon in the commission of a felony under section 28-1011.21, R. S. Supp., 1974, requires a different element and additional evidence to that required for the offense of robbery. Whichever evidentiary tests for resolving double jeopardy issues may be used, the facts here present no constitutional problem in the context presented in this case.

Constitutional provisions against double jeopardy are not violated by the imposition of consecutive sentences, one for robbery in violation of section 28-414, R. R. S. 1943, and one for the use of a firearm in the commission of a felony in violation of section 28-1011.21, R. S. Supp., 1974, even though both of the offenses charged arise out of the same transaction or the same chain of events.

The judgment is affirmed.

AFFIRMED.