## Richmond

### GREGORY JONES V. COMMONWEALTH OF VIRGINIA.

June 10, 1977.

Record No. 760974.
Present: All the Justices.

### GREGORY JONES V. COMMONWEALTH OF VIRGINIA.

June 10, 1977.
Record No.761372.
Present: All the Justices.

*Stuart H. Held (Schlitz, Levy and Livesay, Ltd.,* on brief), for plaintiff in error.

*Jim L. Chin, Assistant Attorney General (Anthony F. Troy, Attorney General,* on brief), for defendant in error. (Record No. 760974).

*Stuart H. Held (Schlitz, Levy & Livesay, Ltd.,* on brief), for plaintiff in error.

*Jim L. Chin, Assistant Attorney General (Anthony F. Troy, Attorney General,* on brief), for defendant in error. (Record No. 761372).

I'ANSON, C.J., delivered the opinion of the Court.

The question presented on these two appeals is whether the defendant's convictions for robbery and the use of a firearm during the commission of a felony violate the double jeopardy clauses of the Fifth Amendment to the Constitution of the United States and Article I, Section 8 of the Virginia Constitution, where both offenses arose out of the same transaction.

## Record No. 760974

The defendant, Gregory Jones, was indicted for robbery of Kevin Meeks by means of a pistol, and in a separate indictment was charged with the use or attempt to use a firearm, or display in a threatening manner the weapon in committing the felony. The two cases were tried together, and the jury found defendant guilty under both indictments. In accordance with the jury's verdicts, defendant was sentenced to 10 years in the penitentiary for robbery and 5 years for the use and display of the firearm.

The evidence shows that the defendant and another man entered the Family Fish House Restaurant in the city of

Portsmouth around 4:00 p.m. on October 11, 1975. Defendant and the other man dragged Meeks, the manager of the restaurant, into the restaurant's office. Defendant held a gun on Meeks and forced him to give the assailants $218. Meeks was then ordered to open the safe, but before he was able to do so, the defendant struck Meeks on the head. The assailants then fled the premises.

## Record No. 761372

Defendant, Gregory Jones, was indicted for robbery of Hilda White by means of a firearm, and in a separate indictment he was charged with the use or attempt to use a firearm, or display in a threatening manner the weapon in committing the felony. The two cases were tried together, and a jury found defendant guilty under both indictments. In accordance with the jury's verdict, defendant was sentenced to 10 years in the penitentiary for robbery and 5 years for the use or display of the firearm.

The evidence shows that the defendant entered Ward's Baking Company in the city of Portsmouth around 5:00 p.m. on October 18, 1975. After selecting an item for purchase, he walked to the check-out counter, displayed a gun, and took from Hilda White, an employee of the company, the sum of $195.

Defendant's contention in both of these cases is that the trial court erred in not quashing the indictments charging him with using or displaying a firearm while committing the robberies. He argues that to convict him of both robbery and the use and display of a firearm during the commission of each of the robberies violated the double jeopardy clauses of the United States Constitution and the Virginia Constitution, because the offenses arose out of the same facts, and the same elements were necessary to prove the charges under both indictments.

In the recent case of *Epps* v. *Commonwealth*, 216 Va. 150, 153-54, 216 S.E.2d 64, 67 (1975), Mr. Justice Compton summarized the principles relating to the prohibition against double jeopardy as follows:

> " 'The double jeopardy clauses of the United States and Virginia Constitutions, as related to the present case, bar prosecution of a criminal charge against an accused already convicted of an identical or lesser included offense.' *Rouzie and Boudreau* v. *Commonwealth*, 215 Va. 174, 176, 207 S.E.2d 854, 856 (1974). Offenses are identical if the facts required to convict of one would necessarily convict of the other. *Id.*

But two or more distinct and separate offenses may grow out of a single incident, warranting the prosecution and punishment of an accused for each. *Comer* v. *Commonwealth*, 211 Va. 246, 250, 176 S.E.2d 432, 435 (1970). It is the identity of the offense, and not the act, which is referred to in the constitutional guarantee against double jeopardy. *Miles* v. *Commonwealth*, 205 Va. 462, 467, 138 S.E.2d 22, 27 (1964)."

■ An accused may be tried under separate indictments for different offenses arising out of the same incident without violating the constitutional provisions of double jeopardy. *Jones* v. *Commonwealth*, 208 Va. 370, 376-77, 157 S.E.2d 907, 911 (1967).

■ In Virginia and elsewhere, the "same evidence" test is the standard for determining whether different offenses are deemed the same for double jeopardy purposes. To determine whether two offenses are different, the test is whether one offense requires proof of an additional fact which the other does not, even though each offense may arise from the same transaction and some of the same acts may be necessary to prove both. If proof of an additional fact is required, an acquittal or conviction under either is not a bar to prosecution and conviction under the other. *Blockburger* v. *United States*, 284 U.S. 299 (1932); *Gavieres* v. *United States*, 220 U.S. 338 (1911); *Epps* v. *Commonwealth*, 216 Va. at 154, 216 S.E.2d at 67; *Arrington* v. *Commonwealth*, 87 Va. 96, 100, 12 S.E. 224, 225, 10 L.R.A. 242 (1890). *See also Cousins* v. *State*, 277 Md. 383, 354 A.2d 825, 831 (1976) and the cases there collected.

In applying the foregoing test to the facts of these two cases, we must compare the elements of the offenses of robbery and use or display of firearms in the commission of a felony.

■ Robbery in Virginia is a common-law crime. Robbery at common law is "the taking, with intent to steal, of the personal property of another, from his person or in his presence, against his will, by violence or intimidation." *Mason* v. *Commonwealth*, 200 Va. 253, 254, 105 S.E.2d 149, 150 (1958); *Jones* v. *Commonwealth*, 172 Va. 615, 618, 1 S.E.2d 300, 301 (1939.

Section 18.2-58, Code of 1950, 1975 Repl. Vol., provides how the crime of robbery, when committed under given circumstances, shall be punished.

■ Section 18.2-53.1,[1] Code of 1950, 1975 Repl. Vol., provided at the time the present offenses were committed, that:

"It shall be unlawful for any person to use or attempt to use any pistol, shotgun, rifle, or other firearm or display such weapon in a threatening manner while committing a felony. Violation of this section shall constitute a separate and distinct felony and any person found guilty thereof shall be guilty of a Class 6 felony. . . ."

The crime of robbery as defined at common law involves a forceful taking "by violence or intimidation" but such force need not be by means of the use or threat of presenting a firearm. Robbery may be committed in many ways, such as by partial strangulation or suffocation, or by striking or beating with the fist or other less dangerous devices. The "gist" of robbery is the taking and carrying away of the personal property of another by fear or intimidation. To convict a defendant on a charge of using or displaying a weapon in the commission of a felony under Code § 18.2-53.1, requires proof of a different element and evidence additional to that required for the offense of robbery. The use of a firearm is not one of the essential elements of the underlying felony. The "gist" of Code § 18.2-53.1 is the use of a firearm in situations where it is likely that weapons may be used to injure victims of robbery or bystanders. Under the statute, such use is made a separate and distinct offense. Thus, the crime of robbery and the crime of using a firearm in committing robbery have different elements as a matter of law, although they may have common elements as a matter of fact.

Defendant asserts that since the firearm was used in committing these robberies, the double jeopardy claim should be assessed in the light of the particular facts here. Thus, he argues that to prove the elements of this particular robbery, the Commonwealth was required to prove all the elements of the allegations in the indictment charging the use of the firearm or display of the weapon in a threatening manner in the commission of the felonies. A similar argument was made and rejected in *Kowalski* v. *Parratt*, 533 F.2d 1071, 1073, 1074 (8th Cir., 1976) on the ground that the charges of robbery and use or possession of the weapon in the commission of the robbery were separate and

---

1. The statute was amended, Acts 1976, c. 371 at 430.

distinct offenses under the statutes of Nebraska. Therefore, the convictions for robbery and the use of a firearm in the commission of the felony were consistent with *Blockburger* and did not offend the double jeopardy clauses.

In *State* v. *Saxon,* 193 Neb. 278, 226 N.W.2d 765 (1975), a post-conviction proceeding was brought to vacate a sentence of three to ten years imprisonment for the use of a firearm in the commission of the felony of robbery on the ground that the sentence was in addition and consecutive to the sentence for robbery and that it violated constitutional guarantees against double jeopardy. The Supreme Court of Nebraska held that the use of a firearm is not an essential element of the crime of robbery; that to convict defendant on the charge of using a dangerous weapon in commission of a felony requires proof of a different element and evidence additional to that required for the offense of robbery; and that the constitutional provisions against double jeopardy were not violated by imposition of two consecutive sentences, one for robbery and one for the use of a firearm in the commission of a felony, even though both offenses arose out of the. same transaction or same chain of events. The Nebraska Court, in support of its holding, cited *Blockburger* v. *United States, supra; People v. Chambers,* 7 Cal.3d 666, 102 Cal. Rptr. 776, 498 P.2d 1024 (1972); *People v. Floyd,* 71 Cal. 2d 879, 80 Cal. Rptr. 22, 457 P.2d 862 (1969).

In *United States* v. *Crew,* 538 F.2d 575 (4th Cir. 1976), *cert. denied,* 429 U.S. 852, the defendants contended that it was a violation of the double jeopardy clause to convict them of armed robbery (18 U.S.C. § 2113(a) and (d)) and using a firearm during the commission of a felony (18 U.S.C. § 924(c)) when both offenses arose from one criminal act. In rejecting the defendants' contentions, the court held that one may be convicted of two separate offenses arising from a single act so long as each offense requires proof of a fact not essential to the other and since the required elements of the crime of robbery and the use of a firearm were different, there was no double jeopardy violation. 538 F.2d at 577-78. *See also Gore* v. *United States,* 357 U.S. 386 (1958); *Downey* v. *Peyton,* 451 F.2d 236, 238 (4th Cir. 1971).

For the reasons stated, we hold that the common-law crime of robbery and the crime defined in § 18.2-53.1 are separate and

distinct offenses for double jeopardy purposes. Therefore, we hold that the trial court did not err in overruling the motion to quash the indictments charging the use of a firearm in the commission of the felonies of robbery, and the judgments are

*Affirmed.*