PEOPLE v GARY HUGHES

Docket No. 77-2649. Submitted February 9, 1978, at Detroit.—Decided September 20, 1978.

Gary R. Hughes, on his plea of guilty, was convicted of armed robbery and possession of a firearm during commission of a felony in the Recorder's Court for the City of Detroit, Joseph E. Maher, J. Defendant appeals claiming that the felony-firearm conviction violates the constitutional prohibition against double jeopardy. *Held:*

The Legislature is free under the double jeopardy clause to define crimes and fix punishments. Once the Legislature has acted, courts may not impose more than one punishment for the same offense and prosecutors ordinarily may not attempt to secure that punishment in more than one trial. Separate statutory crimes may be the "same offense" under the double jeopardy clause, even though they are not identical in either constituent elements or actual proof. Each case ultimately turns upon whether the Legislature intended a particular act to be punished by only one or more statutes. Resort to the tests to determine whether separate statutory crimes are the "same offense" under the double jeopardy clause need not be done where the legislative intent is apparent regarding whether the

REFERENCES FOR POINTS IN HEADNOTES

[1, 6, 17] 16 Am Jur 2d, Constitutional Law § 332.
  21 Am Jur 2d, Criminal Law §§ 165, 166.
[2, 3, 7, 12] 21 Am Jur 2d, Criminal Law §§ 183, 184, 189.
[4, 5] 21 Am Jur 2d, Criminal Law § 20.
  67 Am Jur 2d, Robbery §§ 4, 48.
[8] 21 Am Jur 2d, Criminal Law §§ 187, 189.
[9, 13] 21 Am Jur 2d, Criminal Law § 547.
  67 Am Jur 2d, Robbery § 4.
[10] 21 Am Jur 2d, Criminal Law § 577.
[11] 21 Am Jur 2d, Criminal Law §§ 183, 184, 189.
  67 Am Jur 2d, Robbery §§ 4, 48.
[14] 21 Am Jur 2d, Criminal Law § 187.
[15] 21 Am Jur 2d, Criminal Law § 166.
[16] 16 Am Jur 2d, Constitutional Law §§ 111–114.
[18] 21 Am Jur 2d, Criminal Law §§ 187, 547.

Legislature intended a particular act to be punished by only one or more statutes. The felony-firearm statute applies to the felony of armed robbery since armed robbery is not one of the felonies explicitly excluded in the statute. The double jeopardy clause does not prohibit a Legislature from amending an armed robbery statute, to add as a proviso that there be a minimal punishment where the dangerous weapon is a firearm, in order to make certainty of minimal punishment the standard where firearms are involved in the commission of felonies, and there is no double jeopardy impediment to the Legislature's attainment of this same goal by a separate statute making it a felony to possess a firearm at the time of the commission of any felony not explicitly excluded by the statute.

Affirmed.

BRONSON, J., concurred but wrote separately to state his reasoning that armed robbery and felony-firearm are not the same offense under Federal constitutional law, since each requires proof of a fact not required to convict of the other. The Legislature often provides for different statutory offenses which could apply to the same act, however, the prohibition on multiple punishment prevents a court from cumulating punishment where it appears that the Legislature did not intend that the defendant be cumulatively punished. In ascertaining such legislative intent, it is presumed that the Legislature did not intend to punish cumulatively a greater and necessarily included offense. A rule of lenity prevents multiple punishment where the legislative intent is unclear or doubtful; however, where the legislative intent regarding punishment is clear there is no multiple punishment problem in punishing a defendant under separate statutes. The legislative intent here is clear that there be two convictions and a minimum two-year sentence where a person commits a felony, not excluded in the statute, while in possession of a firearm.

D. F. WALSH, J., dissented and would hold that application of the felony-firearm statute in this case violates the double jeopardy clauses of the United States and Michigan Constitutions. By definition, the felony necessary in order to convict a defendant of the felony-firearm violation is a lesser included offense of the felony-firearm violation itself since it is impossible to commit the latter without committing the former. The double jeopardy clause prohibits cumulative punishment and conviction for both offenses where a defendant is convicted of two offenses, one of which is included in the other. The constitutionally guaranteed protection against double jeopardy does not ultimately turn upon whether the Legislature intended a

particular act to be punished by only one or more statutes. Legislative intent is considered in order to avoid a constitutional issue, if possible, not to resolve it. The felony-firearm conviction is cumulative punishment for the same offense since the felony-firearm violation and the armed robbery, upon which it was premised, do not constitute separate offenses because conviction for armed robbery does not require proofs of any facts unnecessary to the felony-firearm conviction, since every element of armed robbery must also be proved to establish violation of the felony-firearm statute. The Michigan Supreme Court has adopted more protective standards regarding the application of the double jeopardy clause than those compelled by the Federal constitution.

OPINION OF R. B. BURNS, P. J.

1. CONSTITUTIONAL LAW—DOUBLE JEOPARDY—LEGISLATURE—COURTS —PROSECUTORS.

The double jeopardy clause provides that no person shall be subject for the same offense to be twice put in jeopardy; the Legislature is free under the clause to define crimes and fix punishments; however, once the Legislature has acted, courts may not impose more than one punishment for the same offense and prosecutors ordinarily may not attempt to secure that punishment in more than one trial. (US Const Am V; Const 1963, art 1, § 15.)

2. CONSTITUTIONAL LAW—CRIMINAL LAW—SEPARATE STATUTORY CRIMES—SAME OFFENSE—DOUBLE JEOPARDY—ELEMENTS— PROOF—LEGISLATURE'S INTENT.

Separate statutory crimes may be the "same offense" under the double jeopardy clause, even though they are not identical in either constituent elements or actual proof; each case ultimately turns upon whether the Legislature intended a particular act to be punished by only one or more statutes.

3. CONSTITUTIONAL LAW—DOUBLE JEOPARDY—TEST—SAME OFFENSE —SEPARATE STATUTORY CRIMES—LEGISLATIVE INTENT.

The courts have developed tests to determine whether separate statutory crimes are the "same offense" under the double jeopardy clause; however, resort need not be had to the tests where the legislative intent is apparent regarding whether the Legislature intended a particular act to be punished by only one or more statutes.

4. CRIMINAL LAW—FELONY-FIREARM—EXCLUDED FELONIES—IN-
    CLUDED FELONIES—ARMED ROBBERY—STATUTES.

    *The felony-firearm statute applies by its terms to all felonies
    except those explicitly excluded; therefore, the statute applies
    to the felony of armed robbery, since it is not explicitly ex-
    cluded by the statute. (MCL 750.227b; MSA 28.424[2].)*

5. CONSTITUTIONAL LAW—CRIMINAL LAW—DOUBLE JEOPARDY—
    ARMED ROBBERY—LEGISLATURE—FIREARMS—MINIMAL PUNISH-
    MENT—FELONIES—SEPARATE STATUTES—STATUTES.

    *The double jeopardy clause does not prohibit a Legislature from
    amending an armed robbery statute, to add as a proviso that
    there be a minimal punishment where the dangerous weapon is
    a firearm, in order to make certainty of minimal punishment
    the standard where firearms are involved in the commission of
    felonies; and there is no double jeopardy impediment to the
    Legislature's attainment of this same goal by a separate statute
    making it a felony to possess a firearm at the time of the
    commission of any felony not explicitly excluded by the statute.
    (MCL 750.227b; MSA 28.424[2].)*

CONCURRENCE BY BRONSON, J.

6. CONSTITUTIONAL LAW—DOUBLE JEOPARDY—COURTS—PROSECUTORS.
    *The double jeopardy protection against multiple punishment is a
    restraint on courts and prosecutors.*

7. CONSTITUTIONAL LAW—SEPARATION OF POWERS—LEGISLATURE—
    DEFINE OFFENSES—FIX PUNISHMENTS—MULTIPLE PUNISHMENT
    —LEGISLATIVE INTENT.

    *The Legislature is the proper institution to define offenses and
    provide for their punishment; in so doing, the Legislature often
    provides for different statutory offenses which could apply to
    the same act; however, the prohibition on multiple punishment
    prevents a court from cumulating punishment where it appears
    that the Legislature did not intend that the defendant be
    cumulatively punished.*

8. CONSTITUTIONAL LAW—DOUBLE JEOPARDY—COURTS—CONSTRUC-
    TION—LEGISLATIVE INTENT—CRIMINAL LAW—PUNISHMENT—
    PRESUMPTIONS—NECESSARILY INCLUDED OFFENSES—LENITY
    RULE.

    *The courts have applied certain rules of construction as an aid to
    ascertaining the Legislature's intent regarding whether a par-
    ticular act is to be punished by only one or more statutes; it is
    presumed that the Legislature did not intend to punish cumula-*

*tively a greater and necessarily included offense; a rule of lenity prohibits multiple punishment where the legislative intent is unclear or doubtful; however, where the legislative intent regarding punishment is clear there is no multiple punishment problem.*

9. Criminal Law—Felonies—Felony-Firearm—Legislative Intent —Two Convictions—Multiple Punishment—Statutes.

*The Legislature has clearly provided for two convictions and a minimum two-year sentence where a person commits or attempts to commit a felony, not expressly excluded in the felony-firearm statute, while in possession of a firearm; since the legislative intent is clear, there can be no multiple punishment problem, or possibility of the court cumulating punishment where a defendant is convicted of armed robbery and possession of a firearm during the commission of the robbery. (MCL 750.227b; MSA 28.424[2].)*

10. Constitutional Law—Multiple Punishment—Legislative Intent—Separate Statutes.

*The constitutional protection against multiple punishment only prevents the courts and prosecutors from multiplying punishment, absent a clear legislative directive prescribing punishment; there is no multiple punishment problem where the statutory scheme evidences a clear legislative intent that the defendant be punished under separate statutes.*

11. Constitutional Law—Double Jeopardy—Test—Separate Statutes—Same Offenses—Facts—Criminal Law—Armed Robbery—Felony-Firearm.

*The test to determine whether separate statutory crimes are the "same offense" under the double jeopardy clause, provides that two statutory provisions define different offenses if each statute requires proof of an additional fact which the other does not; therefore, armed robbery and felony-firearm are not the same offense under Federal constitutional law since felony-firearm requires proof of a fact not required to convict of armed robbery, and armed robbery requires proof of facts not required for conviction of felony-firearm.*

Dissent by D. F. Walsh, J.

12. Constitutional Law—Double Jeopardy—Same Offenses—Test —Facts—Cumulative Punishment.

*The test for determining whether two separately defined crimes constitute the "same offense" for purposes of the double jeop-*

ardy clause, provides that where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of an additional fact which the other does not; unless the statutes involved satisfy that test the double jeopardy clause of the United States Constitution forbids cumulative punishment. (US Const, Am V.)

13. CONSTITUTIONAL LAW—DOUBLE JEOPARDY—CUMULATIVE PUNISH-MENT—FELONY-FIREARM—ARMED ROBBERY—FACTS—ELEMENTS —STATUTES.

Cumulative punishment imposed by the felony-firearm statute upon a defendant convicted of the felony of armed robbery violates the Federal constitutional prohibition against cumulative punishment for the "same offense" since a conviction for armed robbery does not require proof of any facts unnecessary to the felony-firearm conviction because every element of the crime of armed robbery must also be proven to establish violation of the felony-firearm statute. (MCL 750.227b, 750.529; MSA 28.424[2], 28.797.)

14. CRIMINAL LAW—ARMED ROBBERY—FELONY-FIREARM—LESSER IN-CLUDED OFFENSES—DOUBLE JEOPARDY—CONSTITUTIONAL LAW.

The felony of armed robbery by use of a firearm is, by definition, a lesser included offense of a felony-firearm violation incidental to that robbery because it is impossible to commit the latter without committing the former; therefore, conviction and sentencing for both a felony-firearm violation and for the underlying felony of armed robbery by use of a firearm is precluded by the double jeopardy provisions of the Federal and Michigan constitutions. (US Const, Am V; Const 1963, art 1, § 15.)

15. CONSTITUTIONAL LAW—DOUBLE JEOPARDY—LEGISLATIVE INTENT—MULTIPLE PUNISHMENT.

The constitutionally guaranteed protection against double jeopardy does not ultimately turn upon whether the Legislature intended a particular act to be punished by only one or more statutes; one of the most fundamental principles of constitutional government is that the Constitution limits the power of the Legislature and not vice versa.

16. CONSTITUTIONAL LAW—LEGISLATIVE INTENT—AVOIDANCE OF ISSUES —RESOLVING ISSUES.

Legislative intent is considered by the courts in order to avoid, if possible, a constitutional issue, not to resolve it.

17. Constitutional Law—Double Jeopardy—Application—Michi-
    gan's Standards.

   *The Michigan Supreme Court has adopted more protective stan-
   dards regarding the application of the double jeopardy clause,
   than those compelled by the Federal constitution.*

18. Constitutional Law—Double Jeopardy—Cumulative Punish-
    ment—Included Offenses.

   *The double jeopardy clause prohibits not only cumulative punish-
   ment but also conviction for both offenses where a defendant is
   convicted of two offenses, one of which is included in the other;
   conviction for both a greater offense and one legally necessarily
   included is precluded.*

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *William L. Cahalan,*
Prosecuting Attorney, *Edward Reilly Wilson,* Prin-
cipal Attorney, Appeals, and *Timothy A. Baugh-
man,* Assistant Prosecuting Attorney, for the peo-
ple.

*Bruce R. Saperstein,* for defendant.

Before: R. B. Burns, P. J., and Bronson and
D. F. Walsh, JJ.

R. B. Burns, P. J. Defendant pled guilty to rob-
bery armed, MCL 750.529; MSA 28.797, and pos-
session of a firearm during commission of a felony,
MCL 750.227b; MSA 28.424(2), and appeals. We
affirm.

Although defendant argues that he did not
knowingly and understandingly waive various con-
stitutional rights before pleading guilty, the trial
court complied with GCR 1963, 785.7. A knowing
and understanding waiver was implicit in the plea
procedure.

Defendant's argument that the felony-firearm
statute, MCL 750.227b; MSA 28.424(2), is unconsti-
tutional because it amended a large number of

statutes without re-enactment and publication, contrary to Const 1963, art 4, § 25, is without merit, since amendment by implication is. not the evil sought to be avoided by the constitutional provision. *Advisory Opinion re Constitutionality of 1972 PA 294,* 389 Mich 441, 471–474; 208 NW2d 469, 476–478 (1973).

Defendant also argues that his felony-firearm conviction must be set aside because it violates constitutional prohibitions against double jeopardy. US Const, Am V, Const 1963, art 1, § 15.

The double jeopardy clause[1] provides that no person shall "be subject for the same offense to be twice put in jeopardy".

"[The clause] serves principally as a restraint on courts and prosecutors. The legislature remains free under the [d]ouble [j]eopardy [c]lause to define crimes and fix punishments; but once the legislature has acted courts may not impose more than one punishment for the same offense and prosecutors ordinarily may not attempt to secure that punishment in more than one trial." *Brown v Ohio,* 432 US 161, 165; 97 S Ct 2221, 2225; 53 L Ed 2d 187, 193–194 (1977).

Because many statutory crimes are duplicative, it is well established that separate statutory crimes may be the "same offense" under the double jeopardy clause, even though they are not identical in either constituent elements or actual proof. *Brown v Ohio, supra,* at 164; 97 S Ct at 2224; 53 L. Ed 2d at 193. Each case ultimately turns upon whether the Legislature intended a particular act to be punished by only one or more statutes. See *Gore v United States,* 357 US 386; 78 S Ct 1280; 2 L Ed 2d 1405 (1958). Unfortunately, it

---

[1] For purpose of analysis we assume the double jeopardy protection under state and Federal constitutions is equivalent.

is rarely possible to divine legislative intent in this area, as the multiple punishment issue rarely receives explicit legislative consideration. *Gore v United States, supra,* at 394; 78 S Ct at 1285; 2 L Ed 2d at 1411 (Warren, C. J., dissenting). As a consequence the courts have developed tests to determine whether separate statutory crimes are the "same offense". See, *e.g., Harris v Oklahoma,* 433 US 682; 97 S Ct 2912; 53 L Ed 2d 1054 (1977), *Brown v Ohio, supra, Blockburger v United States,* 284 US 299; 52 S Ct 180; 76 L Ed 306 (1932), *People v Stewart (On Rehearing),* 400 Mich 540; 256 NW2d 31 (1977), *People v Martin,* 398 Mich 303; 247 NW2d 303 (1976).

Although it may be argued with some force that application of the above tests to the instant case would indicate the presence of a double jeopardy problem, but see, *e.g., Kowalski v Parratt,* 533 F2d 1071 (CA 8, 1976), *cert den* 429 US 844; 97 S Ct 125; 50 L Ed 2d 115 (1976), resort need not be had to the tests where the legislative intent is, as here, apparent.

The statute applies by its terms to all felonies except those explicitly excluded.

"A person who carries or has in his possession a firearm at the time he commits or attempts to commit a felony, except the violation of section 227 [MCLA 750.227; MSA 28.424—carrying a concealed weapon] or section 227a [MCLA 750.227a; MSA 28.424 (1)—unlawful possession of a pistol by a licensee], is guilty of a felony, and shall be imprisoned for 2 years." MCL 750.227b; MSA 28.424(2).

*Expressio unius est exclusio alterius.* "Felony" includes robbery armed. MCL 750.529; MSA 28.797. By this statute the Legislature has attempted to make certainty of minimal punishment

the standard where firearms are involved in the commission of felonies. The minimal punishment purpose applies with equal force to robbery armed crimes as to other crimes. As it cannot be doubted that the Legislature could have amended the robbery armed statute to add as a proviso that there be a minimal punishment where the dangerous weapon is a firearm, without offending the double jeopardy clause, see *Gore v United States, supra,* there is no double jeopardy impediment to its attainment of the same goal by separate statute.

Since the Legislature intended the type of result obtained in the instant case, the convictions do not violate double jeopardy protection.

Affirmed.

Bronson, J. *(concurring).* I concur in the opinion of Judge R. B. Burns, but write separately to state my reasoning.

At issue in this case is the meaning of the constitutional prohibition of double jeopardy.[1] Double jeopardy has three different aspects: it bars a second prosecution for the same offense after acquittal, it bars a second prosecution for the same offense after conviction, and it protects against multiple punishment for the same offense. *North Carolina v Pearce,* 395 US 711; 89 S Ct 2072; 23 L Ed 2d 656 (1969).[2]

---

[1] US Const Am V; Const 1963, art 1, § 15.

[2] The multiple punishment protection of the double jeopardy clause was recognized very early in American jurisprudence. *See Ex parte Lange,* 85 US (18 Wall) 163; 21 L Ed 872 (1874), *North Carolina v Pearce,* 395 US 711; 89 S Ct 2072; 23 L Ed 2d 656 (1969).

The context in which the multiple punishment issue arose in *Lange* was that Lange was sentenced to a statutory maximum term of one year in prison without being allowed credit for time served under a previous invalid sentence for the same conviction. This was held to be unconstitutional multiple punishment. In *Pearce,* the Court held that the constitutional multiple punishment protection requires that punishment already exacted be fully credited in imposing sentence after a new conviction for the same offense.

It is the last protection—that against multiple punishment—with which we are here concerned.

My research has revealed that much of the discussion of the constitutional prohibition on multiple punishment fails to satisfactorily explicate the underpinnings of that protection. See Note: *Twice in Jeopardy,* 75 Yale L J 262 (1965). The courts have failed to address the vital question: why is it wrong to cumulate punishment? *Id.* at 301.[3]

The protection against multiple punishment is a restraint on courts and prosecutors. *Brown v Ohio,* 432 US 161; 97 S Ct 2221; 53 L Ed 2d 187 (1977).[4] Note, *supra,* at 304–308. This is because the Legislature is the proper institution to define offenses and provide for their punishment. The Legislature often provides for different statutory offenses which could apply to the same act. In such a case, the prohibition on multiple punishment prevents courts from cumulating punishment where it ap-

---

Cases involving multiple punishment issues similar to that in the case at bar have found no constitutional violation. *See Kowalski v Parratt,* 533 F2d 1071 (CA 8, 1976), *cert den* 429 US 844; 97 S Ct 125; 50 L Ed 2d 115 (1976), *State v Saxon,* 193 Neb 278; 226 NW2d 765 (1975), *Jones v Commonwealth,* 218 Va 18; 235 SE2d 313 (1977).

[3] Part of the problem is that courts have seized upon the United States Supreme Court's language in cases not involving the instant issue. For example, the dissent quotes *Simpson v United States,* 435 US 6; 98 S Ct 909; 55 L Ed 2d 70 (1978), which simply declined to reach a double punishment issue where it found that Congress did not intend separate punishment for a single transaction, for the proposition that *Blockburger v United States,* 284 US 299; 52 S Ct 180; 76 L Ed 306 (1932), applies even where Congress clearly intended cumulative punishment. I find the dicta in *Simpson* unpersuasive authority for that proposition.

[4] "[T]he Fifth Amendment double jeopardy guarantee serves principally as a restraint on courts and prosecutors. The legislature remains free under the Double Jeopardy Clause to define crimes and fix punishments; but once the legislature has acted courts may not impose more than one punishment for the same offense and prosecutors ordinarily may not attempt to secure that punishment in more than one trial." *Brown v Ohio,* 432 US 161, 165; 97 S Ct 2221, 2225; 53 L Ed 2d 187, 193–194 (1977).

pears that the Legislature did not intend that the defendant be cumulatively punished. See *Gore v United States,* 357 US 386; 78 S Ct 1280; 2 L Ed 2d 1405 (1958). As an aid to ascertaining the Legislature's intent, courts have applied certain rules of construction. For example, it is presumed that the Legislature did not intend to punish cumulatively a greater and necessarily included offense. Kirchheimer, *The Act, the Offense and Double Jeopardy,* 58 Yale LJ 513 (1949); Note, *supra,* at 318–319. In short, a "rule of lenity" prohibits multiple punishment where the legislative intent is unclear or doubtful. See *People v Nelson,* 79 Mich App 303; 261 NW2d 299 (1977).

Where the legislative intent regarding punishment is clear, however, there is no multiple punishment problem. *Cf. People v Nelson, supra.* The danger against which the constitutional prohibition is directed is not present; the court is not multiplying punishment.

In the case at bar, the Legislature has provided, in clear and unmistakable terms, for two convictions and a minimum two-year sentence where a person commits or attempts to commit a felony while in possession of a firearm. Because the legislative intent is clear, there can be no multiple punishment problem; there is no possibility of the court cumulating punishment. Vacating a conviction in this case would undermine the acknowledged function of the Legislature: to define and set the punishment for offenses. It cannot be contended that an individual needs constitutional double jeopardy protection against the Legislature's clear exercise of its proper penological function.[5]

---

[5] The constitutional prohibition on cruel and unusual punishment, US Const, Am VIII, and the due process guarantee, US Const, Am V, and their state constitutional counterparts, provide adequate re-

This is not, as the dissent asserts, a case of the court abdicating its proper constitutional function. Rather, the problem is one of defining the constitutional protection against multiple punishment. I believe that protection only prevents the courts and prosecutors from multiplying punishment *absent* a clear legislative directive prescribing punishment. Where the statutory scheme evidences a clear legislative intent that a defendant be punished under separate statutes, there is no multiple punishment problem. Thus, it is illogical to speak of the court abandoning its function by deferring to the Legislature where the Legislature's intent is manifest.

Thus, I agree that both convictions should be affirmed in the case at bar.

I also believe that two aspects of the dissent deserve comment.

First, the dissent, applying the *Blockburger*[6] test, finds that armed robbery and felony-firearm are the "same offense". I disagree.

Under *Blockburger,* two statutory provisions define different offenses if: "each statute *requires* proof of an additional fact which the other does not". 284 US at 304 (emphasis added). Clearly, felony-firearm requires proof of a fact not required to convict of armed robbery: possession of a firearm. Armed robbery also requires the proof of facts not *required* for conviction of felony-firearm, *e.g.,* a robbery. A robbery need not be proved to establish a felony-firearm violation; *any* felony will

---

straints on the Legislature's exercise of its power to define offenses and prescribe punishments.

I also note that, under the dissent's analysis, a sentence enhancement statute which did not provide for a second conviction would pose no double jeopardy problem.

[6] *Blockburger v United States,* 284 US 299; 52 S Ct 180; 76 L Ed 306 (1932).

suffice. Therefore, I would find that armed robbery
and felony-firearm are not the "same offense"
under Federal constitutional law.

The Michigan Supreme Court, in *People v Stew-
art (On Rehearing)*, 400 Mich 540; 256 NW2d 31
(1977), and *People v Martin*, 398 Mich 303; 247
NW2d 303 (1976), held that a defendant may not
be convicted of two crimes where, on the facts of
the particular case, the trier of fact must necessar-
ily find him guilty of one in order to find him
guilty of the other. *People v Terry Alexander*, 82
Mich App 621; 267 NW2d 466 (1978). However,
those cases were decided in the context of convic-
tions for possession and sale or delivery of heroin.
As there was no contention that the Legislature
intended two convictions for these offenses, the
Court's omission of reference to legislative intent
is understandable. *Martin* and *Stewart* thus apply
to cases in which there is no express legislative
intent to allow multiple conviction. Those cases do
not apply to the case at bar, where that intent *is*
explicit.

Second, the dissent hints that Michigan courts
interpret the Michigan constitutional protection
against multiple punishment more restrictively
than its substantially similar Federal counterpart.
I agree that *Martin* and *Stewart* appear to go
beyond the *Blockburger* rule. However, where the
intent of the Legislature is clear, I can ascertain
no identifiable state policy mandating a more re-
strictive interpretation of the double jeopardy
clause.

D. F. Walsh, J. *(dissenting)*. I must dissent from
the majority holding that the application of the
felony-firearm statute, MCL 750.227b; MSA
28.424(2), in this case does not violate the double

jeopardy clauses of the United States and Michigan Constitutions.

The pertinent statutory provision is as follows:

"Sec. 227b. (1) A person who carries or has in his possession a firearm at the time he commits or attempts to commit a felony, except the violation of section 227 or section 227a,[1] is guilty of a felony, and shall be imprisoned for 2 years. Upon a second conviction under this section, the person shall be imprisoned for 5 years. Upon a third or subsequent conviction under this section, the person shall be imprisoned for 10 years.

"(2) The term of imprisonment prescribed by this section shall be in addition to the sentence imposed for the conviction of the felony or the attempt to commit the felony, and shall be served consecutively with and preceding any term of imprisonment imposed for the conviction of the felony or attempt to commit the felony.

"(3) The term of imprisonment imposed under this section shall not be suspended. The person subject to the sentence mandated by this section shall not be eligible for parole or probation during the mandatory term imposed pursuant to subsection (1)." (Footnote added.)

In order to convict a defendant under this statute, it must first be demonstrated that he committed or attempted to commit a felony. By definition that felony is a lesser included offense of the felony-firearm violation because it is impossible to commit the latter without committing the former. *People v Ora Jones,* 395 Mich 379; 236 NW2d 461 (1975). That much apparently is conceded by the majority opinion. For the reasons hereinafter stated I would hold that it inescapably follows that conviction and sentencing for both the felony-firearm violation and for the underlying felony is

---

[1] MCL 750.227, 750.227a; MSA 28.424, 28.424(1).

precluded by the double jeopardy provisions of both the Federal and the Michigan Constitutions.

## I.

Analysis of this issue requires a two-step inquiry. We must first determine whether the Legislature *intended* cumulative conviction and punishment under both statutory provisions. It is only if this preliminary inquiry is answered in the affirmative that we need consider whether effectuation of that intent violates the constitutional prohibition against multiple punishment for the "same offense". *Simpson v United States,* 435 US 6; 98 S Ct 909; 55 L Ed 2d 70 (1978). In this case an affirmative answer to the first question is clear on the face of the felony-firearm statute. We must, therefore, determine the constitutional propriety of the Legislature's intended result.

The Federal constitution provides in pertinent part:

" * * * [N]or shall any person be subject for the same offence to be twice put in jeopardy of life or limb * * * " US Const, Am V.

That provision protects against multiple punishment for the same offense. *Simpson, supra, Jeffers v United States,* 432 US 137; 97 S Ct 2207; 53 L Ed 2d 168 (1977), *North Carolina v Pearce,* 395 US 711; 89 S Ct 2072; 23 L Ed 2d 656 (1969).

The test for determining whether two separately defined crimes constitute the "same offense" is the so-called *Blockburger* test. *Simpson, supra, Brown v Ohio,* 432 US 161; 97 S Ct 2221; 53 L Ed 2d 187 (1977).

"The applicable rule is that where the same act or

transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether *each* provision requires proof of an additional fact which the other does not." *Blockburger v United States,* 284 US 299, 304; 52 S Ct 180, 182; 76 L Ed 306, 309 (1932). (Emphasis added.)

This test emphasizes the elements of the two crimes. *Brown, supra.* Unless the statutes involved satisfy that test the double jeopardy clause of the United States Constitution forbids cumulative punishment. *Simpson, supra, Brown, supra.*[2] The *Blockburger* test has in fact been applied by courts squarely confronting the double jeopardy implications of statutes similar to the one before us. *Kowalski v Parratt,* 533 F Supp 1071 (CA 8, 1976), *cert den* 429 US 844; 97 S Ct 125; 50 L Ed 2d 115 (1976), *State v Saxon,* 193 Neb 278; 226 NW2d 765 (1975), *Jones v Commonwealth,* 218 Va 18; 235 SE2d 313 (1977).[3]

[2] "If two offenses are the same under this test for purposes of barring consecutive sentences at a single trial, they necessarily will be the same for purposes of barring successive prosecutions. See *In re Nielsen,* 131 US 176, 187–188, 9 S Ct 672, 675–676, 33 L Ed 118 (1889); *cf. Gavieres v United States,* 220 US 338, 31 S Ct 421, 55 L Ed 489 (1911). Where the judge is forbidden to impose cumulative punishment for two crimes at the end of a single proceeding, the prosecutor is forbidden to strive for the same result in successive proceedings. Unless 'each statute requires proof of an additional fact which the other does not,' *Morey v Commonwealth,* 108 Mass 433, 434 (1871), the Double Jeopardy Clause prohibits successive prosecutions as well as cumulative punishment." *Brown v Ohio,* 432 US 161, 166; 97 S Ct 2221, 2225–2226; 53 L Ed 2d 187, 194–195 (1977).

[3] Although the courts in *Jones* and *Saxon* were analytically correct in their approach, they reached erroneous conclusions due to their misstatement of the *Blockburger* rule as requiring merely that one offense require proof of a fact which the other does not.

The *Kowalski* decision was premised upon a finding that robbery was not a lesser included offense of using a firearm in the commission of a robbery. Besides being logically suspect, that determination is no longer good law (if ever it was) in view of the United States Supreme Court's subsequent definition of lesser included offenses for double jeopardy purposes:

"Here the Ohio Court of Appeals has authoritatively defined the

Applying *Blockburger* to the statutes before us I would conclude that the felony-firearm violation and the armed robbery upon which it was premised do not constitute "separate offenses". Conviction for the armed robbery does not require proof of any facts unnecessary to the felony-firearm conviction because every element of the crime of armed robbery (or whatever felony applies in a given case) must also be proven to establish violation of the felony-firearm statute. Accordingly, I would hold that the cumulative punishment imposed by the statute violates the Federal constitutional prohibition against cumulative punishment for the "same offense".

I must strongly disagree with the majority's statement that the constitutionally guaranteed

---

elements of the two Ohio crimes: joyriding consists of taking or operating a vehicle without the owner's consent, and auto theft consists of joyriding with the intent permanently to deprive the owner of possession. App. 22. Joyriding is the lesser included offense. The prosecutor who has established joyriding need only prove the requisite intent in order to establish auto theft; the prosecutor who has established auto theft necessarily has established joyriding as well.

"Applying the *Blockburger* test, we agree with the Ohio Court of Appeals that joyriding and auto theft, as defined by the court, constitute 'the same statutory offense' within the meaning of the Double Jeopardy Clause. App. 23. For it is clearly *not* the case that 'each statute requires proof of an additional fact which the other does not'. 284 US, at 304, 52 S Ct, at 182. As is invariably true of a greater and lesser included offense, the lesser offense—joyriding—requires no proof beyond that which is required for conviction of the greater—auto theft. The greater offense is therefore by definition the 'same' for purposes of double jeopardy as any lesser offense included in it.

"This conclusion merely restates what has been this Court's understanding of the Double Jeopardy Clause at least since *In re Nielsen* was decided in 1889. In that case the Court endorsed the rule that

" 'where * * * a person has been tried and convicted for a crime which has various incidents included in it, he cannot be a second time tried for one of those incidents without being twice put in jeopardy for the same offense.' 131 US, at 188; 9 S Ct, at 676; 33 L Ed at 118." *Brown v Ohio,* 432 US 161, 167–168; 97 S Ct 2221, 2226; 53 L Ed 2d 187, 195–196. *See also Harris v Oklahoma,* 433 US 682; 97 S Ct 2912; 53 L Ed 2d 1054 (1977).

protection against double jeopardy "ultimately turns upon whether the *Legislature intended* a particular act to be punished by only one or more statutes". (Emphasis added.)

First of all, to assert that the constitutionality of an act of the Legislature is to be determined by reference to the Legislature's intent in enacting it, is to assert that the Legislature may limit the operation of the constitution. Certainly one of the most fundamental principles of constitutional government is that the constitution limits the power of the Legislature and not vice versa as the majority would seem to hold.

Secondly, United States Supreme Court decisions do not support the majority's position. The pertinent case law stands for the proposition that legislative intent is considered in order to *avoid,* if possible, the constitutional issue, not to resolve it. The first question is always whether the Legislature intended the involved statutes to operate cumulatively. But that is the beginning of the inquiry, not the end of it. If cumulative application was intended, the statutes must be examined in order to determine whether they define the "same offense" within the meaning of the constitutional prohibition. Explication of this two step analysis was set forth in a recent case:

"In Blockburger v United States, 284 US 299, 76 L Ed 306, 52 S Ct 180 (1932), this Court set out the test for determining 'whether two offenses are sufficiently distinguishable to permit the imposition of cumulative punishment.' Brown v Ohio, 432 US 161, 166, 53 L Ed 2d 187, 97 S Ct 2221 (1977). We held that '[t]he applicable rule is that where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not.'

Blockburger v United States, supra, at 304, 76 L Ed
306, 52 S Ct 180. See also Brown v Ohio, supra, at 166,
53 L Ed 2d 187, 97 S Ct 2221; Ianelli v United States,
420 US 770, 43 L Ed 2d 616, 95 S Ct 1284 (1975); Gore v
United States, 357 US 386, 2 L Ed 2d 1405, 78 S Ct
1280 (1958). The Blockburger test has its primary rele-
vance in the double jeopardy context, where it is a
guide for determining when two separately defined
crimes constitute the 'same offense' for double jeopardy
purposes. Brown v Ohio, supra.

"Cases in which the Government is able to prove
violations of two separate criminal statutes with pre-
cisely the same factual showing, as here, raise the
prospect of double jeopardy and the possible need to
evaluate the statutes in light of the Blockburger test.
That test, the Government argues, is satisfied in these
cases. *We need not reach the issue. Before an examina-
tion is made to determine whether cumulative punish-
ments for the two offenses are constitutionally permissi-
ble, it is necessary, following our practice of avoiding
constitutional decisions where possible, to determine
whether Congress intended to subject the defendant to
multiple penalties for the single criminal transaction in
which he engaged.* Jeffers v United States, 432 US 137,
155, 53 L Ed 2d 168, 97 S Ct 2207 (1977)." *Simpson v
United States,* 435 US 6, 11–12; 98 S Ct 909, 912–913;
55 L Ed 2d 70, 75–76. (Emphasis added.) (Footnotes
omitted.)

The majority's constitutional analysis, therefore,
is, in my judgment, devoid of any logical or legal
support.[4]

[4] Both the majority in the instant case and the panel in *People v
Nelson,* 79 Mich App 303; 261 NW2d 299 (1977), misconstrue Justice
Warren's lone dissent in *Gore v United States,* 357 US 386; 78 S Ct
1280; 2 L Ed 2d 1405 (1958), as supporting their position. In citing the
Chief Justice's opinion out of context, my brethren have overlooked
two salient features of the *Gore* decision.

The first is that Justice Warren found that the legislative intent in
enacting the statutes in question was *not* to authorize cumulative
punishment under them. Having reached that conclusion, there was
no need for him to go further and consider the constitutional ques-
tion.

Second, the majority opinion which did address the constitutional

## II.

The Michigan Constitution provides in pertinent part:

"No person shall be subject for the same offense to be twice put in jeopardy." Const 1963, art 1, § 15.

That provision, like its Federal counterpart, protects against multiple punishment for the "same offense". *People v Stewart (On Rehearing),* 400 Mich 540; 256 NW2d 31 (1977), *People v Martin,* 398 Mich 303; 247 NW2d 303 (1976).

Although the Michigan double jeopardy clause is substantially identical to the double jeopardy clause of the United States Constitution in terms of the interests thereunder protected, in application, the Michigan Supreme Court has not hesitated to adopt more protective standards than those compelled by the Federal constitution. *Compare People v White,* 390 Mich 245; 212 NW2d 222 (1973) *and People v Cooper,* 398 Mich 450; 247 NW2d 866 (1976) *with Brown v Ohio,* 432 US 161; 97 S Ct 2221; 53 L Ed 2d 187 (1977) *and Abbate v United States,* 359 US 187; 79 S Ct 666; 3 L Ed 2d 729 (1959). Similarly, our Supreme Court recently has made it clear that where a defendant is convicted of two offenses, one of which is included in the other, the double jeopardy clause prohibits not only cumulative punishment but also *conviction* for both offenses.

"A defendant may be charged and tried for each act that constitutes a separate crime. However, when tried for an act which includes lesser offenses, if the jury

issue, stated that *Blockburger* was the proper test to determine whether the involved statutes defined "separate offenses" as opposed to "merely different descriptions of the same offense". The other dissenting opinions also reasoned from that premise.

finds guilt of the greater, the defendant may not also be *convicted* separately of the lesser included offense. The prohibition against multiple punishment for the same crime cannot be avoided by the form of the charge." *People v Martin, supra,* at 309. (Emphasis added.)

In both *Stewart* and *Martin* the Supreme Court vacated convictions for lesser included offenses holding that they violated the double jeopardy prohibition against multiple punishment.

For purposes of the instant case it need not be decided whether *Stewart* and *Martin* extend the definition of included offenses to include those factually, although not legally, necessarily included in a greater charge. *Compare People v Terry Alexander,* 82 Mich App 621; 267 NW2d 466 (1978), with *People v Risher,* 78 Mich App 431; 260 NW2d 121 (1977). As I read *Stewart* and *Martin,* those cases *at a minimum* preclude conviction for both a greater offense and one legally necessarily included under *People v Ora Jones, supra.* See *People v Wilder,* 82 Mich App 358; 266 NW2d 847 (1978). Insofar as the underlying felony is necessarily included in the felony-firearm violation, I would hold that under the decisions of the Michigan Supreme Court, the double jeopardy clause of the Michigan Constitution prohibits conviction for both armed robbery and possession of a firearm in the course of that robbery.[5] Because it is clear that

---

[5] It is no answer to say, as do my brothers, that no constitutional infirmity exists because the Legislature could have achieved its purpose via a pure sentence enhancement statute. Their argument is erroneous in that it assumes that there would be no difference between the instant statute and the one that they propose. That assumption is factually incorrect and legally invalid.

It is factually incorrect because there are collateral consequences that attach to a separate felony conviction which do not exist with mere sentence enhancement: for example, parole consideration, impeachment at subsequent trials, and habitual offender treatment. *Stewart, supra; Martin, supra.* It is legally invalid because our Supreme Court has recognized that "even the entry of judgment and the

the factual basis established the defendant's guilt
of both offenses I would vacate the conviction for
the felony-firearm violation and the sentence
therefor imposed. See, *People v Stewart, supra,* at
550, n 2.

I would affirm in part, and reverse in part.

---

imposition of a suspended sentence of imprisonment is additional
punishment". *Martin, supra,* at 311.

Furthermore, I believe that the proposition that arguably unconsti-
tutional legislation should be given effect where its purpose could be
attained in a constitutional manner to be a dangerous and unprece-
dented abdication of the function of judicial review.