PEOPLE v STOLL ·

Docket Nos. 78-1015, 78-1016, 78-1017. Submitted November 15, 1978, at Lansing.—Decided December 8, 1978.

Bret R. Stoll was convicted, on his plea of guilty, of delivery of phencyclidine, assault with intent to commit murder and possession of a firearm during the commission of the assault with intent to commit murder, Livingston Circuit Court, Bert M. Hensick, J. The defendant appeals, alleging, among other things, that the plea-based convictions for the assault and felony-firearm offenses were improper because an adequate factual basis was not elicited to establish assault with intent to commit murder. *Held:*

The matter must be remanded as to the convictions on the assault with intent to commit murder charge and the felony-firearm charge since an adequate factual basis was not elicited to establish the assault offense. On remand the prosecutor shall be given an opportunity to supply the missing elements.

The conviction for delivery of phencyclidine is affirmed.

Reversed in part, affirmed in part, and remanded.

1. CRIMINAL LAW—PLEA OF GUILTY—ELEMENTS OF OFFENSE—POSSIBLE DEFENSES—COURT RULES.

The court rule on pleas of guilty requires that the judge tell the defendant the general nature of the charge to which the plea is offered; the court is not obliged to explain the elements of the offense, or any defenses possible (GCR 1963, 785.7[1][a]).

2. CRIMINAL LAW—PLEA OF GUILTY—INADEQUATE FACTUAL BASIS—REMAND.

A defendant's guilty plea conviction should be reversed and the case remanded to the trial court where the people concede that

REFERENCES FOR POINTS IN HEADNOTES

[1] 21 Am Jur 2d, Criminal Law § 487.

Court's duty to advise or admonish accused as to consequences of plea of guilty, or to determine that he is advised thereof. 97 ALR2d 549.

[2] 21 Am Jur 2d, Criminal Law §§ 495, 503.

an adequate factual basis was not elicited to establish the crimes charged.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Frank R. Delvero,* Prosecuting Attorney, and *Keith D. Roberts,* Assistant Attorney General, for the people.

*Abood & Abood, P.C.,* for defendant.

Before: Cynar, P.J., and R. B. Burns and M. B. Breighner,* JJ.

R. B. Burns, J. Pursuant to a plea bargain, defendant pled guilty to delivery of phencyclidine, MCL 335.341(1)(b); MSA 18.1070(41)(1)(b), assault with intent to commit murder, MCL 750.83; MSA 28.278, and possession of a firearm during commission of a felony, MCL 750.227b; MSA 28.424(2). The assault and firearm offenses allegedly arose out of the same transaction.

We find defendant's arguments regarding the title-object clause, Const 1963, art 4, § 25, and double jeopardy, US Const, Am V, Const 1963, art 1, § 15, unpersuasive. See *People v Gary Hughes,* 85 Mich App 674; NW2d (1978), *People v Walter Johnson,* 85 Mich App 654; NW2d (1978).

We also find defendant's argument regarding the trial court's failure to explain the elements of the offense of assault with intent to commit murder to be without merit. See GCR 1963, 785.7(1)(a), *Guilty Plea Cases,* 395 Mich 96, 115-117; 235 NW2d 132, 139-140 (1975). *Henderson v Morgan,* 426 US 637; 96 S Ct 2253; 49 L Ed 2d 108 (1976), is distinguishable from this case on the facts.

Plaintiff concedes that an adequate factual basis was not elicited to establish assault with intent to

---

* Circuit judge, sitting on the Court of Appeals by assignment.

commit murder. The firearm offense necessarily turns upon the establishment of the assault offense. As to these two counts, the case is remanded. On remand the prosecutor shall be given the opportunity to establish the missing elements. If he is able to do so and there is no contrary evidence, the judgment of conviction shall be affirmed. If contrary evidence is produced, the matter shall be treated as a motion to withdraw the guilty pleas and the court shall decide the matter in the exercise of its discretion. *Guilty Plea Cases, supra* at 129; 235 NW2d at 145.

Reversed in part, affirmed in part and remanded.