**Norfolk**

## CLEVELAND MCKINLEY DAVIS

v.

## COMMONWEALTH OF VIRGINIA

No. 0363-86-1

Decided March 17, 1987

28

COUNSEL

Michael A. Robusto (Hooker and Slipow, on brief), for appellant.

M. Katharine Spong, Assistant Attorney General (Mary Sue Terry, Attorney General, on brief), for appellee.

OPINION

**BAKER, J.** — Cleveland McKinley Davis (appellant) appeals a judgment of the Circuit Court of the City of Virginia Beach (trial court) which approved a jury verdict convicting him of using a firearm in the commission of a felony in violation of Code § 18.2-53.1. The issue on this appeal is whether appellant may be convicted for the use of a firearm in the commission of an alleged underlying felony for which he was not separately indicted and convicted.

██ "On appeal of a conviction, we must consider the evidence in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom." *Evans v. Commonwealth*, 215 Va. 609, 612, 212 S.E.2d 268, 271 (1975). In that light the record discloses that on March 10, 1984, pursuant to a devised plan, appellant, Curtis Norfleet, and Robert Green drove from Maryland to Virginia Beach. Appellant assured Norfleet that he knew where they could "make some easy money" by robbing Raymond E. Stith, Jr. (decedent), known to appellant as a "dope dealer." The next day the three men approached decedent's house wearing gloves and masks provided by appellant. Their purpose was to rob decedent of drugs and money. Appellant and Green were armed with .38 caliber guns. They knocked on decedent's door and he opened it. Appellant immediately forced his way inside, grabbed decedent by the neck with one hand, displayed a gun in the other, and made decedent go with him to a back bedroom where appellant demanded to be told the location of the drugs. Outside, witnesses heard loud noises emanating from the bedroom which they variously described as fighting, bumps,

rumbles, furniture falling and breaking, and moans of pain from decedent. One witness observed appellant kicking and hitting decedent in the face, chest and stomach area; others heard decedent cry out for help.

Norfleet entered the bedroom, saw appellant and decedent "half on the bed and half on the floor" with appellant on top of decedent who was attacking appellant with a knife. Norfleet grabbed appellant's gun and shot decedent in the head, causing his death. The three men then immediately left decedent's house. Their arrest followed.

In relevant part, the indictment upon which the Commonwealth relies is as follows:

> The Grand Jurors of the Commonwealth of Virginia, in and for the body of the City of Virginia Beach and now attending the said Court, upon their oaths, present that the accused CLEVELAND McKINLEY DAVIS * * * * on or about the 11th day of March, in the year 1984, in the said City of Virginia Beach, did use, attempt to use or display a firearm while committing or attempting to commit a robbery. Va. Code Section 18.2-53.1.

Code § 18.2-53.1 provides:

> It shall be unlawful for any person to use or attempt to use any pistol, shotgun, rifle, or other firearm or display such weapon in a threatening manner while committing or attempting to commit murder, rape, robbery, burglary, malicious wounding as defined in § 18.2-51, or abduction. *Violation of this section shall constitute a separate and distinct felony* and any person found guilty thereof shall be sentenced to a term of imprisonment of two years for a first conviction, and for a term of four years for a second or subsequent conviction under the provisions of this section. Notwithstanding any other provision of law, the sentence prescribed for a violation of the provisions of this section shall not be suspended in whole or in part, nor shall anyone convicted hereunder be placed on probation. Such punishment shall be separate and apart from, and shall be made to run consecutively with, any punishment received for the commission of the primary fel-

ony (emphasis added).

In support of his position appellant argues that the statute in question is penal in nature and must be strictly construed in favor of the accused. That general rule of construction does not mean that appellant "is entitled to a favorable result based upon an unreasonably restrictive interpretation of the statute." *Ansell v. Commonwealth*, 219 Va. 759, 761, 250 S.E.2d 760, 761 (1979).

Code § 18.2-53.1 provides that the offense "shall constitute a separate and distinct felony." The Supreme Court of Virginia has recognized that the underlying felony is distinct from and requires different elements of proof than the use charge.

> To convict a defendant on a charge of using or displaying a weapon in the commission of a felony under Code § 18.2-53.1, requires proof of a different element and evidence additional to that required for the offense of robbery. The use of a firearm is not one of the essential elements of the underlying felony. The "gist" of Code § 18.2-53.1 is the use of a firearm in situations where it is likely that weapons may be used to injure victims of robbery or bystanders. Under the statute, such use is made a separate and distinct offense. Thus, the crime of robbery and the crime of using a firearm in committing robbery have different elements as a matter of law, although they may have common elements as a matter of fact.

*Jones v. Commonwealth*, 218 Va. 18, 22, 235 S.E.2d 313, 315 (1977). Both the language of the statute and the Supreme Court's interpretation thereof support the conclusion that the use offense and the underlying felony are independent of one another. *See Morris v. Commonwealth*, 228 Va. 206, 212, 321 S.E.2d 633, 636 (1984). There is no language in the statute which suggests that the legislature intended that an accused must be charged and prosecuted for the underlying felony. That decision is left to the Commonwealth's Attorney in whom discretion is vested concerning the institution of criminal charges. *Bradshaw v. Commonwealth*, 228 Va. 484, 492, 323 S.E.2d 567, 572 (1984).

Appellant further claims that the effect of permitting prosecution for violation of Code § 18.2-53.1 in the absence of an indict-

ment for the underlying felony is to require him to defend an uncharged crime. We disagree. The indictment here clearly charged that appellant used or displayed a firearm while attempting to commit robbery. To obtain a conviction pursuant to that indictment the Commonwealth was required to prove beyond reasonable doubt, first, that an attempted robbery occurred, and, second, that appellant used or displayed a firearm while making such attempt. The jury was specifically instructed that to convict appellant those facts had to be proved beyond a reasonable doubt. The indictment informed appellant of the charges against him, and the record discloses that the elements required to sustain the conviction were proved.

We hold where an indictment is returned for an alleged violation of Code § 18.2-53.1, the underlying felony must be proved beyond reasonable doubt, and that to obtain a conviction for violation of that section it is not necessary to separately indict and prosecute the underlying felony.[1] Accordingly, the judgment of the trial court is

*Affirmed.*

Barrow, J., and Hodges, J., concurred.

---

[1] We express no view on the question whether appellant subsequently could be charged and convicted of the underlying felony.