COURT OF APPEALS OF VIRGINIA

Present:  Judges Coleman, Willis and Bray

SEAN A. BOONE

v.          Record No. 1473-94-1        MEMORANDUM OPINION[*]
                                  BY JUDGE SAM W. COLEMAN III
COMMONWEALTH OF VIRGINIA                 JULY 5, 1995

FROM THE CIRCUIT COURT OF THE CITY OF HAMPTON
Nelson T. Overton, Judge

(Kevin P. Shea, on brief, for appellant.)
Appellant submitting on brief.

(James S. Gilmore, III, Attorney General;
Thomas C. Daniel, Assistant Attorney General,
on brief, for appellee.)  Appellee submitting
on brief.


Sean A. Boone was convicted of carjacking, abduction of

Casey Mesic, use of a firearm in the abduction of Casey Mesic,

and use of a firearm (second offense) in the robbery of Cynthia

Mesic.  He contends that the abduction of Casey Mesic was

incidental to the carjacking of Cynthia Mesic's automobile and,

therefore, not a separate offense for which he could be

convicted; that the trial court erred by finding him guilty of

the use or display of a firearm in a robbery when he was not

prosecuted for robbery, but rather, was prosecuted for

carjacking; and that identity evidence was unduly suggestive and

did not support his convictions.  For the following reasons, we

affirm the decisions of the trial court.

———————————
[*] Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

At 9:30 p.m., Cynthia Mesic and her two daughters were returning home in their car. They stopped by a cluster of mailboxes so that Casey Mesic, age ten, could retrieve the family's mail. As Casey was returning to the car, Sean Boone, the appellant, grabbed Casey, put his hand over her mouth, and placed a gun to her temple. Cynthia Mesic thought that Boone "was going to run with her" daughter. Boone was directing Casey to tell her mother to get out of the car. Cynthia Mesic and her daughter, Megan, age seven, got out of the car and ran to where Boone was directing them to go by pointing his gun. Boone then released Casey and drove off in the Mesic car.

Approximately a week later, a Portsmouth police officer saw Sean Boone driving the Mesic car, but the car was bearing Florida license plates registered to another car. Boone told the officer that he had gotten the car earlier in the day from James Bowen. Later, Boone told the officer the car came from Willie Bowen. Boone had the car's registration in a small black book, which also contained his driver's license, and he had the keys to the vehicle on his key chain.

Cynthia Mesic and Casey Mesic positively identified Sean Boone at trial as the person who forcibly grabbed Casey at gunpoint. The description of Boone that Cynthia gave the officers after the carjacking was strikingly similar to Boone's actual physical characteristics. The incident took place in a well-lit location of the housing complex, and Boone was as close

as five feet to Cynthia Mesic.

Boone testified that an acquaintance by the name of DeShawn (last name unknown) had stolen the car and that he was just borrowing it.

I.

Boone contends that he cannot be prosecuted for the abduction of Casey Mesic and carjacking because of the constitutional protection against double jeopardy. He contends that the element of detention necessary for abduction was incidental to the carjacking and that the same act cannot constitute two crimes.

"The applicable rule is that where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one is whether each provision requires proof of a fact that the other does not." Blockburger v. U.S., 284 U.S. 299, 304 (1932). "The Supreme Court later stated that 'if each [offense] requires proof of a fact that the other does not, the Blockburger test is satisfied notwithstanding any substantial overlap in the proof offered to establish the crimes.'" Hill v. Commonwealth, 2 Va. App. 683, 706, 347 S.E.2d 913, 926 (1986) (quoting Iannelli v. U.S., 420 U.S. 770, 785 n.17 (1975)).

The abduction of Casey Mesic was a separate and distinct act, apart from the seizure of Cynthia Mesic's automobile. See Brown v. Commonwealth, 230 Va. 310, 337 S.E.2d 711 (1985).

Abduction of Casey Mesic and carjacking were two separate crimes without common elements. The crime of carjacking requires the prosecution to prove facts and elements different from those necessary to prove abduction, and vice versa. Boone was properly charged with and convicted of both offenses. See Blyth v. Commonwealth, 222 Va. 722, 726, 284 S.E.2d 796, 798 (1981) (citing Whalen v. U.S., 445 U.S. 684, 694 n.8 (1980)).

## II.

The appellant next contends that he was improperly convicted of the use or display of a firearm in a threatening manner while committing robbery because the Commonwealth did not charge or convict him of the predicate offense of robbery.

Under Code § 18.2-53.1, proof of the underlying predicate felony is a distinct element that must be proven beyond a reasonable doubt. See Jones v. Commonwealth, 218 Va. 18, 22, 235 S.E.2d 313, 315 (1977). Use of a firearm in the commission of a robbery and robbery are separate and independent crimes. See Morris v. Commonwealth, 228 Va. 484, 492, 323 S.E.2d 567, 572 (1984). "There is no language in the statute which suggests that the legislature intended that an accused must be charged and prosecuted for the underlying felony. That decision is left to the Commonwealth's attorney in whom discretion is vested." Davis v. Commonwealth, 4 Va. App. 27, 30, 353 S.E.2d 905, 907 (1987). To obtain a conviction for a violation of Code § 18.2-53.1, the Commonwealth is not required to separately indict and prosecute

the defendant for the underlying predicate felony.  Id. at 31, 353 S.E.2d at 907.  Although Boone was charged and convicted of carjacking, the evidence was sufficient to prove beyond a reasonable doubt the crime of robbery.  Accordingly, the trial court did not err in finding Boone guilty of use of a firearm in the commission of robbery in violation of Code § 18.2-53.1.

## III.

Boone next contends that the Commonwealth's witnesses improperly identified him as the carjacker due to an unduly suggestive identification process.  Boone argues that several weeks after the carjacking, a friend of the victims mailed them a picture of him from a local newspaper and that because they had seen the picture, they were able to identify him from the photograph when he entered the courtroom for his preliminary hearing.

To determine the reliability of a victim's eyewitness identification and to evaluate the likelihood of misidentification due to any suggestive factor, a trial court shall consider

> the opportunity of the witness to view the criminal at the time of the crime, the witness' degree of attention, the accuracy of the witness' prior description of the criminal, the level of certainty demonstrated by the witness at the confrontation, and the length of time between the crime and the confrontation.

Townes v. Commonwealth, 234 Va. 307, 331, 362 S.E.2d 650, 663 (1987), cert. denied, 485 U.S. 971 (1988).  In this case, the

area where the crime was committed was well-lit; the assailant was within five feet of Cynthia Mesic at the time of the carjacking; and her attention was focused entirely on the assailant during the attack because he was holding her daughter. Both victims, Casey Mesic and Cynthia Mesic, positively identified Boone at trial as the carjacker. The description of her assailant that Cynthia Mesic gave to police was nearly identical to the actual physical characteristics of Sean Boone. The victims' identifications are reliable.

We, therefore, affirm.

<u>Affirmed.</u>