# CIRCUIT COURT OF THE CITY OF ALEXANDRIA

Commonwealth of Virginia

v.

White

August 21, 1998

Case No. CF980369

BY JUDGE ALFRED D. SWERSKY

Defendant's Motion to Suppress must be denied.

The evidence reveals that, while investigating a "domestic" call, Officer Meekins encountered the defendant in the doorway of his apartment. A paramedic was inside attending to the victim, and the defendant was told to move away from the door so that another paramedic could get through with a gurney or stretcher. In the hallway in front of the apartment, a five-minute conversation occurred between Meekins and the defendant, during which statements were made that the Commonwealth seeks to use at trial.

After this initial conversation, the officer spent another thirty to forty minutes conducting an investigation not involving the defendant. No further statements were elicited from the defendant. He was not arrested at the scene by the officer, nor told he would be arrested or charged by the officer; no handcuffs nor weapons were used; and the defendant was told by the officer "to wait here" while he (the officer) went into the apartment for purposes of his investigation. This direction to wait occurred after the statements were made.

Defendant argues that since he was "not free to leave," the interrogation was a custodial one, requiring full *Miranda* warnings. A determination as to the custodial nature of an interrogation cannot be made upon a single factor, but the totality of the circumstances must be considered. *Wass v. Commonwealth*, 4 Va. App. 27 (1987). Here, from the totality of circumstances (the defendant was in familiar circumstances, his apartment; only one officer was present; the degree of physical restraint was minimal and

reasonable under the circumstances; the duration of the interrogation was short, only five minutes; and there is no evidence of any pressure applied to defendant) indicate a non-custodial interrogation after Officer Meekins had a reasonable and articulable suspicion sufficient to enable him to detain defendant and to inquire about the circumstances.

The officer's actions fall far short of a formal arrest or restraint on freedom of movement of the degree association with a formal arrest. *California v. Beheler*, 463 U.S. 1121 (1983); *see, Harris v. Commonwealth*, 27 Va. App. 554 (1998).

For these reasons, defendant's Motion to Suppress will be denied.